[PHILADELPHIA, JANUARY 25th, 1841.]

## EDGELL *against* M'LAUGHLIN.

#### IN ERROR.

1. An action cannot be maintained in Pennsylvania to recover a sum of money alleged to have been lost by the defendant to the plaintiff upon a wager or bet.

2. And in an action against the drawer of a check upon a bank, evidence is admissible on the part of the defendant, to prove that the check was drawn in pursuance of an agreement, by which a sum of money was bet by the defendant with the plaintiff upon a certain event; and such consideration having been proved, the defendant is entitled to a verdict.

ERROR to the District Court for the City and County of Philadelphia.

In the Court below K. F. Edgell brought an action on the case against Daniel M'Laughlin, upon a check drawn by the defendant upon the Philadelphia Bank, dated Philadelphia, July 29th, 1836, in favour of S. Comfort or bearer for $500. Plea, *non-assumpsit, &c.*

On the trial before STROUD, J., on the 28th of February, 1838, the plaintiff's counsel gave the check in evidence, and proved a demand upon the bank and a refusal to pay by the direction of the defendant.

The defendant's counsel then offered in evidence the following paper.

" The undersigned having made a wager concerning a certain note in writing, or letter, said to have been written by Daniel M'Laughlin to George C. Baker, they put into the hands of Stephen Comfort, each a check of this date for the sum of five hundred dollars, which the said Stephen is to deliver to K. F. Edgell on the first day of August, 1836, if the said K. F. Edgell will deliver to the said Stephen any letter or note in the handwriting of Daniel M'Laughlin, party hereto, requesting the said George C. Baker to pay any larger sum, than the hundred dollars, which he lately borrowed of the said Daniel; but in case the said K. F. Edgell, party hereto, fail to produce and deliver said note, with such request as aforesaid in the said writing to the said Stephen, on the first day of August, and in that case the said Stephen is to deliver both the said checks to the said Daniel for the said Daniel's use.

　　　　　　　　　(Signed)　　　D. M'LAUGHLIN,
　　　　　　　　　　　　　　　　K. F. EDGELL."

The plaintiff's counsel objected to this paper; but it was admitted by the Court, and exception taken.

The plaintiff's counsel then gave in evidence a letter from the defendant to George C. Baker, dated the 8th of July, 1838, requesting him to repay the sum of $115.

The learned judge charged the jury, as follows:—

" I shall place this case before the jury, upon a plain ground. I construe the paper produced to be a wager. It is a frivolous, idle, and trifling wager, and it is not becoming courts of justice to have such cases tried before them. Such was the law in England before the Revolution; and though there have been some decisions since, which might tend to establish a different conclusion, yet there has been exhibited a constant desire upon the parts of courts there, to restrain suits upon such subjects. (The learned judge here gave some instances, and proceeded.) And our own Supreme Court has, I have been informed, recently decided, that a bet upon a boat-race cannot be recovered. My opinion therefore is, that the paper discloses an illegal wager, and that therefore the plaintiff cannot recover, though he may have performed the matters assigned to him, and produced the paper specified. It is a wager and nothing else; and there is nothing appearing in it which can be construed to be a

(Edgell *v.* M'Laughlin.)

consideration, upon which the promise to pay can be supported. Under this view of the case, the jury will find for the defendant."

The ·jury accordingly found for the defendant; . and this writ of error was taken.

The plaintiff in error assigned for error the admission of the evidence excepted to, and the charge of the Court.

Mr. *Kennedy* for the plaintiff in error.

1. The evidence of a wager ought not to have been admitted. In *Swan* v. *Scott*, (11 *Serg. & Rawle*, 155,) it is said that the test whether a demand connected with an illegal transaction, can be enforced at law, is, whether the. plaintiff requires the aid of the illegal transaction to establish his case. Here there were services performed in respect to the letter which were a sufficient consideration, independent of the bet. *Toler.* v. *Armstrong*, (4 *Wash. C. C. Rep.* 299.)

2. The learned judge of the District Court went too far in saying, that this was an illegal wager. In *Phillips* v. *Ives*, (1 *Rawle*, 36,) C. J. GIBSON expressed the opinion that the legislature alone could prohibit a recovery on all wagers. This is not a case involving moral turpitude. If there is any good consideration here, we are entitled to recover.

Mr. *M'Laughlin*, contra.

. Mr. *St. Geo. T. Campbell*, in reply.

Wagers are recoverable in general. *Da Costa* v. *Jones*, (2 *Cowp.* 735.) *Jones* v. *Randall*, (*Id.* 37.) The exceptions to the rule are, 1st. Where a wager tends to a breach of the peace. 2d. Where it is against morality. *Brown* v. *Leeson*, (2 *Hen. Bl.* 43.) 3d. Where it tends to indecent exposures. 4th. Where it is injurious to third persons. *Good* v. *Elliott*, (3 *Term Rep.* 693.) 5th. Where it is against the policy of the government. *Atherfold* v. *Beard*, (2 *Term Rep.* 610.) *Gilbert* v. *Sykes*, (16 *East*, 150.) If the judge · thought the action wrong, he ought to have refused to try the case, as C. J. ABBOTT did in *Egerton* v. *Furzeman*, (1 *Car. & Payne*, 613 ; 11 Eng. Com. Law Rep. 497.) There is no precedent for adjudicating such a wager as this illegal.

The opinion of the Court was delivered by

SERGEANT, J.—Courts of justice are instituted to determine the disputes among men, necessarily arising from their existence together in society. The time and labour of a large class of its citizens are devoted to the adjustment of these disputes at a great expense to the community ; and this class is as necessary to the welfare of society, as the existence of any of the occupations in which men do

for others what they cannot do for themselves. But in the innumerable contentions that human affairs originate, there is sufficient to engross the time and labour of its tribunals, without occupying them in the investigation of gratuitous contests, such as wagers; which flow sometimes from a spirit of gambling, sometimes from heat of passion, and sometimes from folly and indiscretion on the one side, and stratagem and cunning on the other. Hence the more intelligent judges of modern times have revolted at examples of this sort of suit, which have been sustained in a court of justice; such as that in 5 *Burrow,* 2802, of two sons wagering on the lives of their fathers; and other judges have undertaken to refuse to try such suits, on the ground that the wager was impertinent or frivolous, and have turned the plaintiffs out of court. In many other instances nice and ingenious distinctions have been sought to get round the general principle, and to defeat the plaintiff's recovery, till the exceptions are now so many that it requires some effort of mind to fancy a wager which might be free from the exceptions to the rule, considering the strong feeling which leads modern courts to struggle against this sort of action. See *Selw. Nisi Prius,* 1086, chap. on Wagers.

Fortunately, however, for us in Pennsylvania, there is no decision in its highest tribunals, that a wager is recoverable; and the only authority that exists on the subject is expressly in point to the contrary. In *Pritchett* v. *Ins. Co. N. America,* (3 *Yeates,* 458,) it was held, in the year 1803, that a policy of insurance in which the insured had no interest, was a wagering policy, and as such was void. It was at the same time admitted, that the stat. 19 Geo. II., prohibiting these policies in England, did not extend to this state; nor could it by the settled rules as to the construction of English statutes enacted prior to the Revolution. On no other ground could the case have been so held than the common law of Pennsylvania, by which wagers were considered contrary to its genius and policy, and not recoverable by action in a court of law. "Every species of gaming contracts," says Mr. Justice YEATES, delivering the opinion of the court, "wherein the insured having no interest, or a colourable one merely, or having a small interest much overvalued, in a policy, under the cloak of insurances, is reprobated by our law and usage."

The next case and the only other in which the point was contested in this court, is the case of *Phillips* v. *Ives,* (1 *Rawle,* 458,) in which the defendant bet that within two years Napoleon Bonaparte would escape or be removed from the island of St. Helena; and if he died within the two years, the defendant would lose the bet. Napoleon died within the two years. Yet it was decided by a majority of this court, that the bet was not recoverable, it being held that no bet of any kind about any human being, is recoverable in a court of justice. This case certainly went a great way towards recognising the doctrine, that no bet or wager could be recovered;

(Edgell *v.* M'Laughlin.)

but it was not necessary then to go so far.    Mr. Justice Huston, however, expresses his opinion very plainly, that though bets were recoverable by the common law of England, it was not a part of the common law introduced into Pennsylvania by William Penn or his successors, nor recognized in the act of assembly passed in 1777, which is our guide on that subject.    And I fully concur with him, that it is not.    When I look back to the character and principles which actuated our founders and predecessors, I am satisfied they never countenanced such a principle, but left parties who chose to embark into contracts of this kind, to recover as they could, according to the code of honour under which they originated; and that it is derogatory to the character and injurious to the interests of the community, to sanction them, and to employ their legal tribunals in investigations, often indecent, often inflammatory, often impertinent and frivolous, and always useless, if not noxious in their effects on society.

Where a wager is but a fiction of law, invented for the trial of a right, it has nothing in common with a wager in which there is no right in question between the parties.    Of course, the above remarks do not apply to the form often adopted under a feigned issue, as the most convenient mode of settling precisely the fact averred on one side and denied on the other.

We concur, therefore, with the court below, that this action cannot be sustained.

Judgment affirmed.