Hemphill, Ch. J.
Prom the testimony it appears there was no trick, unfairness, or fraud on the part of the plaintiff or the payee in the inception of this contract, or in any of the acts upon which by its terms the liability of the defendants on the note was to arise. The proceedings on the race track and the delivery of the note were all done in conformity'with the customary rules and regulations on the subject of racing-.
Unless the consideration of the note was illegal and void, the defendants were clearly' liable on their undertaking. We have decided in several cases that wagers on horse-races were recoverable at common law, and as they were not prohibited by statute in this State, an action upon them was maintainable. Wagers on horse-races may be regarded not only as indifferent wagers upon indifferent matters, and therefore not obnoxious to the law, but their exclusion from the general gaming contracts may be placed, and I presume is by the Legislature, on the; ground that they tend to stimulate and encourage an improvement in the breed and qualities of the horse. That such is the fact the history of this animal in England and the United States would doubtless abundantly prove. But, be the policy which supports the validity of such wagers what it may, it must equally extend to and sustain all contracts which are but subsidiary and incident to the wagers themselves. The contract for forfeiture is based upon the loss of time and charges and expenses necessarily incurred for preparations to the race, and we see no good reason for sustaining the contract for the wager and rejecting that for the forfeiture ; and it is ordered, adjudged, and decreed that the judgment be reversed and the cause remanded for further proceedings.
Judgment reversed.