## J. O. Wheeler, Adm'r v. W. R. Friend, Adm'r.

In a suit for specific performance, on a bond for title to land, the consideration, if none be expressed in the bond, may be proved by parol.

A contract to pay a certain sum, as a forfeit for declining to run a horserace, is valid ; and specific performance of a bond for title to land, given in consideration of the amount due upon such a forfeit, will be enforced.

Appeal from De Witt. Tried below before the Hon. Fielding Jones. The facts are stated in the opinion.

*Wm. H. Glass* and *H. Clay Pleasants,* for appellant.

*J. J. Holt,* for appellee.

Bell, J. This suit was originally instituted in the County Court of De Witt county, by the administrator of John York's estate, against the administrator of J. J. Tumlinson's estate. The object of the suit was, to compel specific performance of a bond for title to land, executed by Tumlinson to York, on the 4th day of January, 1847. The County Court refused to decree performance of the bond, and York's administrator appealed to the District Court. In the District Court, he obtained judgment against Tumlinson's estate for the land, and Tumlinson's administrator appealed to this court. This court reversed the judgment of the District Court, on the ground that the bond sued on did not recite any consideration for its execution, and there was no allegation in the plaintiff's petition, that the bond was executed for a valuable consideration. There was no statement of facts before this court, on the former appeal, and the court said, that it could not be presumed that a valuable consideration for the bond had been proved, inasmuch as there was no allegation to authorize the introduction of such proof. The opinion of this court will be found in the report of the case in 20 Tex. Rep. 694.

When the cause was remanded to the District Court, the plaintiff amended his petition, and alleged that the bond was originally executed by Tumlinson to one Cox, in consideration of the sum of five hundred dollars, due by Tumlinson to Cox, as a forfeit for declining to run a horserace, according to agreement. The petition alleged that the original bond to Cox was lost, and that at the request of Cox, Tumlinson executed the bond sued on to York, Cox having sold the land to York. The petition alleged that York paid Cox five hundred dollars, in property, for the land. The bond itself recites that it was executed in the place of a bond given to Cox, and alleged to be lost, and provides that compliance with its stipulations shall make void the bond given to Cox, and reputed to be lost.

The plaintiff proved that the consideration of the original bond from Tumlinson to Cox was the sum of five hundred dollars, due to Cox as a forfeit for the refusal of Tumlinson to run a horserace, according to agreement. The witness also testified, that Cox assigned Tumlinson's bond to plaintiff's intestate, York, "for a valuable consideration;" and that the first bond being lost, the bond sued on was executed by Tumlinson to York, at the request of Cox.

There was judgment against Tumlinson's estate, for the land. The defendant moved for a new trial, on the ground, that the court had erred in permitting the consideration of the bond to be proved by parol, the evidence having been excepted to when offered; and on the further ground, that the court had erred in refusing, on the defendant's motion, to exclude the evidence from the consideration of the jury, because it did not disclose such a contract between the parties, as a court of equity could be called upon to enforce. The motion for new trial was overruled.

We are of opinion, that there was no error in permitting the consideration of the bond to be proved by parol. In the case of Davenport v. Mason, 15 Mass. Rep. 85, this subject was carefully considered by Judge Wilde, who delivered the opinion of the court, and he came to the conclusion that it was settled law,

that parol evidence is admissible to show the consideration of a conveyance, when the same is not particularly expressed in the deed. The cases of White v. Weeks, 1 Penn. Rep. 486 ; Hartley v. McAnulty, 4 Yeates's Rep. 25 ; Stevens v. Griffith, 3 Verm. Rep. 448 ; and Jones v. Sasser, 1 Dev. & Bat. 452, hold a similar doctrine. The case of Stramler v. Coe, 15 Tex. Rep. 211, was the case of a bond for title, which expressed no consideration ; and Chief Justice Hemphill, in delivering the opinion of this court, said there was no error in permitting the consideration of the bond to be proved by parol, and he quotes the authorities above referred to.

The objection, that the contract between Tumlinson and Cox, was such a contract as a court of equity will not enforce, by decreeing specific performance of the bond, cannot be sustained. This court has decided that a contract to pay a certain sum as a forfeit for declining to run a horserace, is a valid contract, and will be enforced. (Kirkland v. Randon, 8 Tex. Rep. 10.) In the present case, Tumlinson re-affirmed his contract with Cox, by executing the second bond to York. And it is shown that York paid a valuable consideration.

There is no error in the judgment of the court below, and the same is affirmed.

Judgment affirmed.