J. W. COOPER V. CALEB AND JOHN BUMPASS.

(No. ——, Op. Book No. 1, p. 171.)

Opinion by ECTOR, P. J.

§ 498. *Consideration of written contract may be proved by parol evidence.* It is well settled law that the consideration of a contract, although the contract be in writing, may be proved by parol evidence, when the consideration is not particularly expressed in the writing. [Wheeler v. Friend, 22 Tex. 683; Stramler v. Cox, 15 Tex. 211; 15 Mass. 85; 1 Penn. 486; 4 Yates, 25; 3 Vt. 448; 1 Dev. & Bat. 452.]

§ **499.** *Sale of personal property; when incomplete; property must be in esse.* The question in this case was as to the ownership of certain lumber. Appellants claimed the lumber under a written contract, which was executed *before* the lumber was sawed, the vendor undertaking to saw and deliver the lumber to them at a certain place. Appellants sued their vendor for the lumber, and obtained a sequestration which they had levied upon the lumber in controversy, which was found in the possession of appellees, who claimed the same under oath as their property, and gave bond for the trial of the right thereto, and upon the trial recovered judgment establishing their claim to the same. *Held*, the title to the lumber did not pass to and vest in appellants under the contract. No sale is complete so as to vest in the vendee an immediate right of property, so long as anything remains to be done between the buyer and seller in relation to the property. The property sold must be separated and identified by marks and numbers, so as to completely distinguish it from all other property or from the bulk or mass with which it happens to be mixed. [Cleveland v. Williams, 29 Tex. 204; Story on Sales, § 296; 2 Kent Com. 675.] In this case the lumber had to be sawed before it became deliverable to the vendee, and the contract wanted that necessary ingredient in a sale — a subject matter *in esse.* The lumber having been found in possession of appellees, the burden of proof was upon appellants to show a better right to it, which they failed to do.

November 20, 1876.                    Affirmed.