## E. C. DONNELLY v. CITIZENS' BANK.

### (No. 2344.)

APPEAL from Bowie County.   Opinion by WHITE, P. J.

ESTES & HENRY, counsel for appellant.

TODD & HUDGINS, counsel for appellee.

§ **169.** *Illegal contract; gambling consideration; bet on an election; check on bank for money bet on election is void even in hands of an innocent holder; case stated.* Appellant Donnelly and one Byone made a bet upon the result of the last presidential election.   Each drew his check upon appellee, the Citizens' Bank, for the amount of his bet, placed the checks in an envelope, sealed the envelope, wrote their names upon it, and deposited it in the hands of the book-keeper of said bank, who placed it in the safe of said bank.   Byone, having won the bet, got the envelope from appellee, took out Donnelly's check for $200, presented it to appellee for payment, and it was paid by appellee.   Donnelly refused to repay the money to appellee, and appellee brought this suit to recover said amount.   Appellant pleaded that the check was void, having been executed for a gambling consideration.   Appellee replied that it was an innocent and *bona fide* purchaser and holder for value of said check, and the evidence appears to sustain this replication.   Appellee recovered judgment for the amount sued for and costs.   *Held:* In this state, it has always been the rule that wagers on horse-races were recoverable, because not prohibited by law, and because such contracts tend to stimulate and encourage an improvement in the breed and qualities of the horse.   [Kirkland v. Randon, 8 Tex. 10.]   And all contracts subsidiary and incident to such wagers are valid also, as, for instance, a contract to forfeit in case of failure to run the race.   [Wheeler v. Friend, 22 Tex. 683.]   But a note given for

money won at cards is void. [Norvell v. Oury, 13 Tex. 31; Conner v. Mackey, 20 Tex. 747.] And so a note given for money won at ten-pins was held void. [Monroe v. Smelly, 25 Tex. 586.] Our statute makes it a penal offense to bet upon the result of any election for a public officer, held under the constitution and laws of the United States or of this state. [Penal Code, arts. 371–373.] Such contracts are illegal and void. They are against public policy and in violation of law. They are not only void as between the original parties thereto, but a note or other security given upon consideration of money so won stands in the same attitude in law as a note or other security given in consideration of money won at gaming, and is void even in the hands of an innocent holder for a valuable consideration. [Unger v. Boas, 13 Penn. St. 601; Harmon v. Boyce, 2 Tread. (S. C.) 200; Holman v. Ringo, 36 Miss. 690; Chapin v. Duke, 57 Ill. 295; 7 Wait's Ac. & Def. pp. 87, 88.]

October 30, 1886.          Reversed and remanded.