May 7, 1887.                    Reversed and remanded.

### DAN STEWART v. C. M. MILLER.

(No. 5185.)

APPEAL from Dallas County.   Opinion by WHITE, P. J.

R. E. COWART, counsel for appellant.

P. B. MILLER, counsel for appellee.

§ **292.** *Illegal contract; gaming consideration; rules as to; case stated.*   Appellee having lost $250 at a game with cards, and owing said amount to the party who had won it, drew a draft for said amount on the Exchange

Bank at Dallas, and requested appellant Stewart to cash said draft and pay said debt, which request appellant complied with, appellee promising to repay him the amount. Appellant was not present when the amount was lost in gaming by appellee, and had no interest in or connection with the game in which said amount was lost by appellee. At the time appellant cashed the draft, however, he knew that it was to pay the gambling debt of appellee. Appellant took the draft and presented the same to the bank, and it was protested, and he then brought this suit against appellee to recover the amount advanced thereon. Verdict and judgment were rendered for appellee, upon his special plea that the contract was illegal, etc. *Held:* It is well settled that a note or other security given in consideration of money won at gaming is void, even in the hands of an innocent holder for a valuable consideration. [Conner v. Mackey, 20 Tex. 747; Monroe v. Smedley, 25 Tex. 586; 7 Wait's Ac. & Def. p. 87, § 6; *ante,* § ——.] This doctrine is based upon the idea that the law will never imply or enforce an *assumpsit* to do an illegal act, or to pay a sum of money to another, when the moving consideration is an act or thing prohibited by law. In other words, the law never raises an *assumpsit* for the performance of an illegal act which the party is not bound to perform.

§ **293.** *Express and implied assumpsits; distinction between as to illegal contracts; money paid on illegal contract, recoverable when.* There is, however, a marked distinction with regard to *assumpsits* by operation of law, and express *assumpsits*, pertaining to contracts connected with illegal transactions. In the case under consideration it is to be noted that appellant did not win the money from appellee. He was a stranger to the gambling transaction, and merely paid the money to the winner of the money at the special request of appellee, and upon his express promise that he would repay it. In the leading case of Faikney v. Raynous, 4 Burr. 2069, the general doctrine announced is, that "if a person apply to

another to pay his debt (whether contracted on the score of usury or for any other purpose), he is entitled to recover it back again." In that case a distinction was taken in cases where money was paid by one person for another, for an illegal transaction, by which the parties were not bound; between a voluntary payment and one made on the request of the party; between an *assumpsit* raised by operation of law and an express *assumpsit*. Although the former would not maintain the action, it was held that the latter would. This doctrine was approved in Armstrong v. Toler, 11 Wheat. 258, and has been approved in this state. [Boggess v. Lilley, 18 Tex. 200; Alexander v. Johnson, 23 Tex. 208.] And in the latter case it is said: "When one person, by request, pays the debt of another which arose upon an illegal contract, the party paying it, although cognizant of the fact, is entitled to recover the amount paid from the person at whose request the payment was made." [See, also, De Leon v. Trevino, 49 Tex. 95; Jones v. Sevier, 1 Litt. (Ky.) 50; Mooring v. Stanton, Martin (N. C.), 52; 7 Wait's Ac. & Def. 88.] Under the law, as we understand it, and in equity and good conscience, upon the facts proved, appellant was entitled to recover in this action. The verdict and judgment are against the law and the evidence.

May 7, 1887.             Reversed and remanded.