## KOPPE v. GROGINSKY.

(Court of Civil Appeals of Texas. Dec. 7, 1910.)

1. INSANE PERSONS (§ 94*)—GUARDIAN AD LITEM—DUTY TO APPOINT.

Rev. St. 1895, art. 1211, providing that, when a lunatic, idiot, or non compos mentis is a defendant and has no guardian within the state, the court shall appoint a guardian ad litem, applies only where there is no controversy as to the defendant's lunacy, and hence it was not error to refuse to appoint a guardian ad litem in a suit against the alleged incompetent to foreclose a deed of trust securing a debt, where the question of incompetency was disputed and finally decided to the contrary.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 164, 165; Dec. Dig. § 94.*]

2. APPEAL AND ERROR (§ 1011*)—FINDINGS OF FACT—REVIEW.

A finding on conflicting evidence that a defendant was not insane will not be reviewed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3989; Dec. Dig. § 1011.*]

3. DAMAGES (§ 78*)—PROVISION FOR ATTORNEY'S FEES—LIQUIDATED DAMAGES.

A stipulation in a note for attorney's fees in the event that it was placed in the hands of an attorney for collection, or suit is filed thereon, was not a provision for liquidated damages,

but a contract of indemnity, and hence attorney's fees may not be recovered in the absence of pleading and proof that plaintiff has paid or contracted to pay the same.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 157–163; Dec. Dig. § 78.*]

Appeal from District Court, Brazos County; J. C. Scott, Judge.

Suit by Joe Groginsky against William Koppe. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

V. B. Hudson and F. L. Henderson, for appellant. A. G. Board and Doremus & Butler, for appellee.

RICE, J. On the 18th of January, 1907, appellant executed his promissory note for the sum of $3,500, payable to appellee on the 1st of January, 1909, the same bearing 10 per cent. interest per annum from date, with a stipulation for attorney's fees in the event the same was placed in the hands of an attorney for collection or suit was filed thereon. In order to secure the payment thereof, appellant, upon the same date, executed a deed of trust for appellee's benefit upon 599.47 acres of land situated in Brazos county, and, upon his failure to pay said note at maturity, this suit was brought to enforce its collection, and to foreclose said deed of trust upon said land. After a general demurrer and general denial, appellant's attorneys, as amici curiæ, and in his behalf, filed a special plea, wherein it was alleged that appellant was of weak and feeble mind, without sufficient mental capacity to execute a contract, and that he was in such condition at the time when said note and deed of trust were executed, for which reason they suggested that the court should appoint for said defendant a guardian ad litem, and, upon hearing, cancel and hold for naught said note and deed of trust. A jury being waived, there was a trial before the court, resulting in a judgment in behalf of appellee for the principal, interest, and attorney's fees upon said note, together with a foreclosure of the deed of trust lien upon said land, from which this appeal is prosecuted.

The court not having appointed a guardian ad litem, as requested, appellant here urges its refusal to do so as error, basing his contention upon the provisions of article 1211 of the Revised Statutes of 1895, which, among other things, provides that "when a minor, lunatic, idiot or non compos mentis may be a defendant to a suit, and it shall be shown to the court that such minor, lunatic, etc., has no guardian within the state, it shall be the duty of the court to appoint a guardian ad litem for such minor, lunatic, idiot or non compos mentis for the purpose of defending such suit," etc. This article, we think, only applies where there is no controversy as to the status of defendant as such minor, or lunatic or non compos mentis. Here the question of incapacity was an issue to be determined by the court under the pleadings and evidence. Therefore we think the court did not err in refusing to appoint a guardian ad litem. But, be this as it may, as the court upon the facts determined the issue against appellant's contention, he is not injured by a failure to appoint such guardian; and therefore the error, if any, is harmless.

The next assignment questions the correctness of the judgment of the court in holding that appellant at the time of the execution of the note and deed of trust sued upon possessed sufficient mental capacity to understand the nature and effect of his acts, and therefore erred in rendering judgment against him thereon. This being an issue of fact raised by the pleadings, and since there was considerable evidence, pro and con, upon this subject sufficient, in our judgment, upon which the court could rest its conclusion, we do not feel disposed to disturb the judgment on this account, and therefore overrule this assignment.

The remaining assignments challenge the correctness of the judgment in allowing recovery for attorney's fees on the ground that there was no allegation nor proof that such attorney's fees had either been paid or contracted to be paid by appellee, and therefore were not recoverable. Upon examination of the petition, we find no allegation, either that the 10 per cent. attorney's fees provided for in the note had been paid, or that plaintiff had contracted to pay the same or any part thereof to his attorneys. The only proof upon this subject was the statement of one of the attorneys to the effect that the note had been placed in his hands for suit. It has been held quite recently that contracts of this character are not to be regarded as for liquidated damages, but the same are contracts of indemnity, and that it is necessary, in order to recover attorney's fees, to both allege and prove that the plaintiff had paid the same, or had obligated himself so to do. See Miller v. West Texas Lumber Co. (not yet officially reported; decided by this court Oct. 19, 1910), 131 S. W. 608; also, Young v. State Bank, 117 S. W. 477; Elmore v. Rugley, 107 S. W. 150; Pinkney v. Young, 107 S. W. 624.

We therefore conclude that the assignment is well taken, for which reason the judgment of the court below should be reversed and the cause remanded, and it is so ordered.

Reversed and remanded.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes