REINHARDT v. BORDERS et ux. (No. 531.)*

(Court of Civil Appeals of Texas. El Paso. March 23, 1916. Rehearing Denied April 13, 1916.)

1. DAMAGES ⊕=78(6)—LIQUIDATED DAMAGES —NOTE GUARANTEEING DELIVERY OF TITLE.

Where the seller of a hotel, in exchange for personalty and notes, executed a note which stated that it represented a forfeiture to the amount mentioned, the mortgage securing it providing that it was a forfeit put up to guarantee delivery of title, upon the seller's failure to convey good title the buyers could recover on the note, the stipulation for the forfeiture of the amount expressed having been intended as agreed or liquidated damages, while the intention of the parties in regard to such a matter is controlling.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 157, 159; Dec. Dig. ⊕=78(6).]

2. DAMAGES ⊕=78(2) — LIQUIDATED DAMAGES —"FORFEIT."

The expressions, "he agrees to forfeit the sum of one thousand dollars," "this note, to the extent of the amount herein mentioned, represents a forfeiture put up," and "said note being a forfeit put up," mean something different from the word "penalty."

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 157; Dec. Dig. ⊕=78(2).

For other definitions, see Words and Phrases, First and Second Series, Forfeit.]

3. DAMAGES ⊕=163(1)—BREACH OF CONTRACT —PRESUMPTION OF DAMAGE.

Damages, which must be actual or liquidated, are presumed to flow from a breach of contract.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 454, 455; Dec. Dig. ⊕=163(1).]

4. DAMAGES ⊕=79(1)—LIQUIDATED DAMAGES OR PENALTY.

Where no approximation between actual and stipulated damages for breach of contract can be made, the stipulated damages must control.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 164; Dec. Dig. ⊕=79(1).]

Appeal from District Court, Ward County; S. J. Isaacks, Judge.

Suit by W. F. Borders and wife against Marvin Reinhardt. From a judgment for plaintiffs, defendant appeals. Affirmed.

W. A. Hudson, of Pecos, for appellant. B. W. Baker, of Barstow, and Jno. B. Howard, of Pecos, for appellees.

WALTHALL, J. On the 24th day of March, 1914, appellant and appellees entered into a contract for the sale and exchange of properties, the several provisions of which are substantially as follows: (1) In consideration of $6,500 Reinhardt agreed to convey to the Borders within 60 days, free of incumbrance, except as to the unpaid purchase money, certain town lots in Barstow, Tex., on which the Pearle Hotel was situated. (2) The consideration was to be paid as follows: $3,600 was paid by a sale and delivery of certain horses, wagons, and harness. The balance of the consideration was to be evidenced by promissory notes due one in No-vember, 1914, and one in each year following, until all were paid, and secured by vendor's lien. (3) Reinhardt could convey the property directly from himself or from the record owner, including the hotel furniture, the Borders to keep the property insured to the extent of the amount of the unpaid notes. (4) If a release of the lien on the hotel property then existing could not be procured and placed of record before the execution of the Border notes, Reinhardt should procure such a release and place the same in escrow in some bank, to be agreed on, the release to be delivered to the Borders with the deed, Reinhardt to furnish complete abstract, showing title in the party executing the deed. (5) The Borders agreed to accept deed within 60 days from date of contract and to execute the notes, and to then give bill of sale to the personal property. (6) Possession of the personal property was delivered at the time of the making of the contract. (7) The Borders should have possession of the hotel property from the signing of the contract, and had the right to the possession of the personal property until the delivery of the deed to them. In the event the Borders should fail or refuse to comply with the terms of the contract, they agreed to surrender possession of the hotel. (8) The Border notes should also be secured by chattel mortgage on the hotel furniture and to execute the mortgage on delivery of the notes.

On the 25th of April, the same parties, in the same matter, entered into a supplemental contract. After several whereases, reciting the provisions in the first contract, the supplemental contract provides substantially as follows:

(1) The amounts and dates of payment of some of the notes are changed. (2) The title to the live stock given by the Borders as part consideration shall remain in the Borders until Reinhardt delivers a good and merchantable title to the hotel property. (3) (We quote the verbiage.) "It is further agreed that should the said party of the first part (Reinhardt) fail or refuse to deliver good and merchantable title to said hotel property, as contracted, he agrees to forfeit the sum of one thousand dollars, said amount to be paid to the parties of the second part (Borders) in such event. However, it is agreed that in the event of any objection to title to the said property on the part of the parties of the second part, then the party of the first part shall have a reasonable time from the date of such objection in which to correct such defects, if any, as are objected to, and, to secure the payment of the said sum, the party of the first part agrees to execute deed of trust to a certain section of land situated in Ward county, Texas, and being all of section 190, block 34, H. & T. C. Ry. Co. survey."

Reinhardt executed and delivered the $1,000 note, and also executed and delivered a mortgage on the said section of land to secure its payment. The note is for $1,000, and is dated April 24, 1914, and made payable to W. F. Borders 60 days after date. After the formal statement of the note, these words occur in the body of the note:

---

⊕=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.

"This note, to the extent of the amount therein mentioned, represents a forfeiture put up by said Marvin Reinhardt in accordance with a contract of even date," etc.

The mortgage contains the following:

"$1,000.00. Said note being a forfeiture put up to guarantee delivery of title to certain property described in contract of even date between Marvin Reinhardt and Mr. and Mrs. W. F. Borders, with interest from maturity until paid at the rate of eight per cent. per annum, said interest payable as it accrues, at the office of W. F. Borders, then this conveyance shall become null and void and these presents shall be released in due form at my expense."

The mortgage makes provision for the sale of the mortgaged property "in case of default or failure to observe and keep any of the covenants hereof" by the grantor.

Appellees brought this suit against appellant to recover on the $1,000 note and for a foreclosure of the mortgage lien; alleged a breach of the contract to convey the hotel; alleged that the $1,000 note represented agreed or liquidated damages; alleged appellees' readiness and willingness to perform their part of the contract; alleged damages to the personal property while in the hands of appellant; and asked judgment for such damages.

Appellant denied that he had breached the contract, and pleaded his ability and willingness to perform his part of it; alleged that appellees had never pointed out any defect in the title to the hotel property, nor had given him an opportunity to correct such defects; pleaded refusal to perform the contract on the part of appellees; alleged that the note with the deed of trust sued upon was executed for the sole purpose of guaranteeing delivery of title to the hotel property, and to become void upon a tender of a good and merchantable title thereto, and was a penalty and not agreed or liquidated damages, and that appellees were not the owners and holders of said note and mortgage. Appellant asked for specific performance of the contract; prayed for the agreed value of the personal property given in exchange for the hotel, converted by appellees; asked that a lien be decreed against the hotel property to secure the unpaid balance of the purchase money; and prayed for a cancellation of the $1,000 note and mortgage.

On special issues submitted, the jury found that there had been liens of record against the hotel property at all times since March 24, 1914 (the date of the first contract); that Reinhardt knew of the existence of such liens; that prior to April 6, 1915, Reinhardt had never tendered to the Borders a warranty deed to the hotel property with a release of such liens, nor placed the same in escrow to be delivered to the Borders upon the execution by them of the vendor's lien notes, called for in the contract, nor had Reinhardt, prior to said date, told the Borders that he would secure a release of the said liens and place same in escrow, to be delivered contemporaneously with the notes should the Borders execute the vendor's lien notes and place them in escrow for delivery; that the Borders did not at any time, prior to the filing of the suit, agree with Reinhardt that they would assume the outstanding vendor's lien notes against the hotel property in lieu of executing the notes, as agreed in the original contract; that Reinhardt did tender to the Borders a warranty deed in which the Borders were to assume the payment of the outstanding vendor's lien notes, but that the Borders refused to accept that deed; that the time elapsing between the date of the refusal to accept the said tendered deed and the 6th day of April, 1915, was an unreasonable length of time for Reinhardt to have to procure the release of liens and tender same with a deed to the hotel property.

On the above findings of the jury, judgment was rendered in favor of appellees on the $1,000 note, less $346.66, the rental value of the hotel, and a foreclosure of the mortgage lien on the section of land. Appellant presents ten assignments of error, but we think the fourth and fifth are the only ones that we need discuss. By the fourth assignment, appellant insists that the $1,000 note sued on, with the mortgage given to secure it, is a penalty and not agreed or liquidated damages. And by the fifth assignment appellant insists that no actual damages are shown to have been sustained by the appellees; that, while a sum is named as liquidated damages, the courts will not so treat it unless it bears such proportion to the actual damages that it may reasonably be presumed to have been arrived at, upon a fair estimation by the parties, as the compensation to be paid for the prospective loss. By other assignments, appellant insists that the proof shows that appellees breached the contract, and that on that account they should not be permitted to recover on the note. We need not state the evidence here, but a careful examination of it convinces us that such contention is not sustained. The facts found by the jury in our opinion are well sustained by the evidence, and show that appellant not only breached the contract, but totally disregarded the obligations he had assumed to clear the hotel property of liens of which he well knew, and tender to appellees a good and sufficient merchantable title, if not within the 60 days, at least within a reasonable time. The jury found that he did neither. The court did not submit to the jury for their finding whether the appellees had sustained any actual damages arising from a breach of the contract by appellant. The court construed, as a matter of law, the $1,000 note sued on to be agreed or liquidated damages independently of any question of damages actually suffered, or question of intention of the parties in making

the note other than is expressed in the writing.

[1, 2] In the third paragraph of the supplemental contract, it will be observed that the parties agreed that should Reinhardt "fail or refuse to deliver a good and merchantable title to the hotel property as contracted, he agrees to *forfeit* the sum of one thousand dollars." The note states: "This note, to the extent of the amount herein mentioned, represents a forfeiture." The deed of trust provides: "$1,000.00. Said note being a forfeit put up to guarantee delivery of title." From the words used in the contract, in the note, and in the mortgage given to secure the note, and from the nature of the contract itself and all the facts and circumstances attending the making of the contract, note, and mortgage, we think it clear that the stipulation for the forfeiture of the amount expressed by the note was intended as agreed or liquidated damages. It is the intention that controls. The damages incident to appellees' leaving their former place of residence in Tarrant county and moving to Ward county, and in surrendering to appellant for 60 days the possession and use of their personal property agreed to be worth $3,600, would hardly be capable of being definitely ascertained. But independently of the question as to whether the damages could be definitely ascertained on a breach of the contract by the appellant, the very language used in the contract, note, and mortgage is sufficient to clearly express the intention of the parties. As said by the Supreme Court in Eakin v. Scott et al., 70 Tex. 442, 7 S. W. 777, the expressions, "he agrees to forfeit the sum of one thousand dollars," "this note, to the extent of the amount herein mentioned, represents a forfeiture put up," and "said note being a forfeit put up," mean something different than the word "penalty." In that case, the expression was, "shall act as a forfeiture," and the court held that the parties meant that the defendant, in the event he abandoned the trade, should pay absolutely to the plaintiffs the sum named as their agreed damages.

[3, 4] In this case, the jury found that appellant did not comply with his contract. The contract being broken, damages will be presumed to flow from its breach. Halff et al. v. O'Connor, 14 Tex. Civ. App. 191, 37 S. W. 238. These damages must be either actual or liquidated. No approximation is made to appear by the evidence between the actual and the stipulated damages. This not appearing, the actual damages, under the rule stated by the Supreme Court in Collier v. Betterton, 87 Tex. 440, 29 S. W. 468, cannot be the measure of recovery; hence the basis of the recovery must be the damages stipulated in the contract. Halff et al. v. O'Connor, supra.

Appellant's assignments must be overruled.