WILLIAMS v. BEASLEY et al. (No. 355.)

Court of Civil Appeals of Texas. Eastland. Nov. 4, 1927.

Rehearing Denied Dec. 16, 1927.

1. Damages ⬤⇒78(6)—Amount stipulated as forfeit on nonperformance by purchaser held liquidated damages recoverable without reference to actual damages, if reasonable.

Where purchaser agreed with vendor to place with escrow agent sum of $10,000 forfeit that he would carry out terms of contract, deposit by purchaser of check in such amount, payable to vendor, evidenced agreement that check should be delivered to vendor in payment of damages which parties estimated would probably accrue to vendor in case purchaser refused to perform, and on purchaser's breach amount stipulated, if reasonable, could be recovered without reference to actual damage sustained.

2. Damages ⬤⇒80(3)—$10,000 stipulated damages held reasonable for breach of contract of sale of 2,700 acres valued at $135,000.

In suit by vendor against purchaser to recover forfeit money for failure to carry out contract to purchase 2,700 acres of land at agreed value of $135,000, to be executed within reasonable time, $10,000 stipulated in contract as forfeit that purchaser would carry out contract held reasonable estimation of damages that would probably accrue from breach of contract by purchaser, judged as of time of making contract, not time of breach.

3. Vendor and purchaser ⬤⇒329—Purchaser's defense that vendor's title was unmarketable because former owner was insane and no guardian ad litem was appointed in suit to validate his deed held not established.

In action by vendor against purchaser to recover forfeit money for failure to carry out contract, defense that vendor's title was not merchantable in that conservator had been appointed over former owner residing in Massachusetts before he executed deed, and that in former suit declaring such deed valid no guardian ad litem was appointed to represent former owner, held not established under evidence showing such owner was of sound mind, that conservators under Massachusetts law may be appointed for persons of sound mind, and that appointment of guardian ad litem was not necessary in suit where defendant is specifically

alleged to be of sound mind, and such fact is established at trial.

**4. Insane persons ⟨Key⟩94(1)—Guardian ad litem is not necessary for defendant alleged to be sane.**

Appointment of guardian ad litem for defendant is not necessary where plaintiff distinctly alleges that defendant is of sound mind, and is necessary only where defendant is shown to be of unsound mind or under some other personal disability provided for by statute.

**5. Vendor and purchaser ⟨Key⟩143—Purchaser declining to perform and telling vendor to cease perfecting title could not claim title was unmarketable for failure to secure release of liens.**

In suit by vendor to recover forfeit money for failure to carry out contract for purchase of land, purchaser could not urge failure to incorporate release of liens in abstract as excuse for failure to perform agreement on ground that vendor's title was unmarketable, where vendor testified he could have secured release of liens if purchaser had performed agreement, but purchaser told him not to take further steps to perfect title as he was not going to take property.

Appeal from District Court, Jones County; W. R. Chapman, Judge.

Suit by J. D. Beasley and another against Lee D. Williams. Judgment for plaintiffs, and defendant appeals. Affirmed.

Thomas, Pope & Shapard, of Anson, and Scarborough & Wilson, of Abilene, for appellant.

Wagstaff, Harwell & Wagstaff, of Abilene, and Brooks, Smith & Robinson, of Anson, for appellees.

PANNILL, C. J. The appellees, J. D. and R. J. Beasley, were the owners of certain lands of approximately 2,700 acres, situated in Jones county, and entered into a contract with the appellant, Williams, for the sale of said property to appellant for a total consideration of $135,000. The only part of the contract in dispute is as follows:

"Parties of the first part (appellees) will place a deed with the Abilene State Bank as soon as same can be written up and signed, together with a copy of this contract, the deed to embody the terms of this contract, and the same will be held in escrow with this contract until a completion of the same. Party of the second part (appellant) will place in said bank with this contract the sum of $10,000 forfeit that he will carry out the terms of this contract."

On the next day after the contract was signed, the parties, in compliance with the provisions noted, placed in said bank the said contract, together with the deed of appellees, and appellant his certified check in the sum of $10,000, payable to the order of appellees. Negotiations by the parties continued further for a period of 60 days, look-

ing to a consummation of the agreements contained in the writing, until appellant informed appellees that it was no use for them to continue their efforts to perfect title, that he, appellant, would not proceed any further and would not take the land. This suit followed, and upon a trial, after the evidence was introduced, the court construed the contract as providing for liquidated damages, refused testimony proffered by appellant as to the value of the land being equal to and exceeding the amount appellant agreed to pay therefor, and refused to submit an issue of fact with respect to appellees' damages to the jury, and submitted the case upon one issue of fact as to whether the execution of the contract was procured by appellees' representations to appellant that the Abilene State Bank would loan appellant the sum of $25,000, without security, if appellant signed the contract in question. This issue being answered in the negative, judgment was entered in favor of the plaintiffs for the amount stated in the contract, and from which judgment this appeal is prosecuted.

Appellant, by appropriate assignments of error and propositions thereunder, has raised the following questions: (1) That the provisions of the contract noted contained a stipulation for a penalty and not liquidated damages, and that the trial court erred in refusing proffered testimony on the part of appellant to show that the value of the land was equal to and exceeded the amount appellant agreed to pay therefor. Further, that on account of the contract appearing upon its face to provide for a penalty, the court erred in not instructing a verdict for him. (2) That the title tendered appellant was defective in two particulars. These contentions will be reviewed in the order stated.

As to the first position taken by appellant, both parties rely upon the cases of Eakin v. Scott, 70 Tex. 442, 7 S. W. 777, and Collier v. Betterton, 87 Tex. 440, 29 S. W. 467, as supporting their respective contentions. It is asserted that the learned trial judge construed the contract as providing for liquidated damages and refused the testimony offered by appellant as to the value of the land under the authority of Eakin v. Scott, supra, and it is claimed by appellant that, if this case should be construed to support the ruling complained of, this decision was modified by the later case of Collier v. Betterton, supra, both opinions written by the same eminent jurist, former Chief Justice Gaines.

The case of Eakin v. Scott appears to us to be directly in point. The contract in that case was for the sale of cattle at an agreed value of $50,000. The suit was on a note containing a provision that the amount of the note, to wit, the sum of $8,000, "shall act as a forfeiture in the event I shall abandon

said trade." In the contract of sale, executed contemporaneously with the note, occurred the following provision referring to the note mentioned:

"Is to act as a forfeiture and be forfeited by the said Eakin in the event he abandons this trade."

It was agreed in that case that no actual damages accrued to the plaintiffs from the breach of the contract by the defendant, and it was held that the contract was for liquidated damages and enforceable, and a judgment in favor of plaintiff for the amount stipulated was affirmed.

It may be true that there are some expressions in the case of Collier v. Betterton susceptible to the construction of being inconsistent with some of the statements in the Eakin Case, but an investigation of the later cases demonstrates that the courts do not find any conflict in the opinions in the two cases referred to. The Eakin Case has been cited with approval and followed consistently up to the present.

In Reinhardt v. Borders (Tex. Civ. App.) 184 S. W. 791, there was a similar state of facts to that under review in the Eakin Case. There a note was executed with the provision, "This note, to the extent of the amount herein mentioned, represents a forfeiture" put up by said Marvin Reinhardt in accordance with a contract of even date. The contract referred to stipulated:

"It is further agreed that should the said party of the first part (Reinhardt) fail or refuse to deliver good and merchantable title to said hotel property, as contracted, he agrees to forfeit the sum of $1,000."

The subject-matter of the contract was the sale of certain real property for the sum of $6,500 and the assumption by the purchaser of the unpaid purchase money in an amount not shown. This contract was held to evidence an agreement for the payment of liquidated damages, and judgment for the amount so agreed upon, without reference to the actual damages suffered by the plaintiff, was affirmed, and a writ of error refused under the authority of Eakin v. Scott.

Collins-Decker Co. v. Crumpler (Tex. Com. App.) 272 S. W. 772, involved an analogous situation. There the parties to a contract of sale agreed to and did put up a forfeit of $1,000 in the form of checks under the agreement that the check of the parties in default would be delivered to the other. In answer to certified questions, the Supreme Court held that the agreement was clearly a provision for liquidated damages.

[1, 2] It has been concluded that the contract in the instant case cannot be distinguished from those under review in the cases cited above. Here the agreement was to place with the escrow agent, with the contract, the sum of $10,000 forfeit that appellant would carry out the terms of the contract. Next day the parties did what the contract provided, and appellant placed in the bank therewith his certified check payable to appellees, for the agreed amount, thus placing his check beyond his control, and evidencing, we believe, an agreement that it should be delivered to appellee in payment of the damages the parties estimated would probably accrue to appellees in case appellant refused to perform the agreement, and that, therefore, the amount stipulated, if reasonable, is recoverable without reference to the actual damages sustained. That the amount stipulated was a reasonable estimation of the damages that would probably accrue from the breach of the contract on the part of the appellant is apparently beyond controversy. The subject-matter was the sale of approximately 2,700 acres of land of the agreed value of $135,000. The contract provided for its execution within a reasonable time, and negotiations under it could, as they did, continue for 60 days, during which time, of course, the appellees were deprived of their right to deal with their property as their own, in addition to the time and trouble and expense incurred by them in their efforts to comply with their agreement. Under the circumstances, the amount fixed is deemed to be reasonable when "judged of as at the time of the making of the contract, and not as at the time of its breach." Williston on Contracts, §§ 777, 778, 779.

[3] The title tendered appellant contained a deed as one of its links from Elisha Gunn, a former part owner of the property. The abstract showed that prior to the execution of said deed a "conservator" had been appointed for said Elisha Gunn under the laws of the state of Massachusetts, where said Gunn resided. Subsequently a suit was brought by appellees in the district court of Jones county against Elisha Gunn and his said conservator to remove cloud from appellees' title to the premises. It was alleged in said suit that the said Elisha Gunn, at the date of the execution of said deed, was of sound mind and had always been of sound mind and that the appointment of said conservator had cast a cloud upon plaintiffs' title, and with prayer to remove the cloud and quiet appellees in their title. Service was had in this case upon Elisha Gunn and his said conservator personally, and upon a trial it was decreed that Elisha Gunn was of sound mind when the deed was executed and that the deed was valid. The alleged cloud upon appellees' title was removed. This proceeding occurred more than two years prior to the date of the contract in this suit. It is insisted that the appointment of a conservator established as a fact that Elisha Gunn was of unsound mind at the time of the execution of the deed in question, and that, inasmuch as no guardian ad litem

was appointed to represent Elisha Gunn in in the proceedings referred to, appellees' title is not merchantable. There was evidence in the present case that Elisha Gunn, at the date of the execution of the deed in question, was not of *unsound* mind, and had sufficient mental capacity to know and understand the nature of the transaction in which he was engaged, and the effect of the execution of said deed, and that under the laws of the state of Massachusetts a conservator may be appointed for the estates of aged and infirm people who are not of unsound mind; that under the laws of said state, when a person is adjudged to be of unsound mind, a guardian is appointed; and that a conservator would not have been appointed, if said Gunn had been of unsound mind. Under this showing it is believed that the appointment of a conservator is not evidence of the unsoundness of mind of the person for whose estate such conservator is appointed. The appointment of a guardian ad litem does not appear to be necessary in a suit where the plaintiff specifically alleges that the defendant is of sound mind, and this is established at the trial. Koppe v. Groginsky (Tex. Civ. App.) 132 S. W. 984.

[4] To require the plaintiff to have a guardian ad litem appointed for a defendant when the plaintiff distinctly alleges that the defendant is of sound mind would be to require the plaintiff to surrender his case. The appointment of such guardian is not necessary except it be shown that the defendant is of unsound mind or under some other personal disability provided for in the statute.

[5] It was shown that there were liens upon the property to be conveyed by appellees in favor of the Abilene State Bank and one Miller. Under the contract the appellant did not assume the payment of the debts secured by these liens. The abstract tendered on the trial contained no release of such liens, and it is contended that this rendered appellees' title unmarketable. Appellee testified on the trial that he had made arrangements with the owners of these liens to release the same, and his testimony was not contradicted. The owner of one of the liens testified on the trial that it would have been released if the appellant had not refused to perform his agreement. One of the appellees testified that he could and would have procured a release of both of said liens and so informed appellant, but that appellant told him that it was no use to take any further steps to perfect the title as he was not going to take the property anyway. Appellant was present in court and did not deny appellee's statement to him. Under these circumstances, we do not believe that appellant is in position to urge the failure to incorporate the release of the liens in the abstract as sufficient excuse for his failure to comply with his agreement. He did not breach the contract for that reason, but for the reason that appellees induced him to enter into the contract by a representation that the Abilene State Bank would loan him, without security, the sum of $25,000, which the bank refused to do. This was submitted to the jury as an issue of fact and found against appellant. Therefore appellant is in no position to be relieved because a release of the liens was not placed in the abstract. Nicholson v. Lieber (Tex. Civ. App.) 153 S. W. 642; Veselka v. Forres (Tex. Civ. App.) 283 S. W. 303.

Appellant could not, when informed by appellees that they could and would secure a release of the liens, cause them to cease their efforts to perfect their title in that regard by his statement, as he did, that he was not going to take the property anyway, and then later claim the title was bad because the liens were not released and the releases not placed in the abstract.

Finding no reversible error, the judgment of the trial court should be affirmed, and it is so ordered.