EDWARD MILLIGAN, ADM'R, v. H. W. EWING.

(Case No. 5550.)

1. VENDOR'S LIEN — RESCISSION.— Ordinarily a vendor who has made an executory contract to convey land may rescind the contract if the vendee fails to pay the purchase money. This right does not exist in all cases, however, for if there are facts which make it inequitable for the vendor to exercise this right, a court of equity will not enforce it, but will leave the party to his action for the purchase money.
2. TENDER OF CONSIDERATION — EQUITY.— A vendor conveyed a tract of land, the deed stating that the consideration was the cash payment of $250, the execution and delivery by the vendee of two negotiable notes for $207 each, due about three and four years respectively after date, and the assumption by the vendee of a debt of $336, due from the vendor to a third party. The vendor's lien was retained, and the vendor brought suit for the land. *Held*, 1st. That the notes should have been tendered for cancellation, or it should have been shown that they were not in the hands of innocent holders, and also that there should have been an offer to relieve the vendee from liability to the third party for the debt of $336; for it would be inequitable, as be-

tween the vendor and vendee, to withdraw the consideration which gave rise to that obligation, and still allow that obligation to the third party to remain in force.   2d.  That a failure to make these tenders was fatal to plaintiff's petition.

APPEAL from Coryell.  Tried below before the Hon. T. L. Nugent. The opinion states the case.

*Vardiman & Atkinson*, for appellant, cited: Estes *v.* Browning, 11 Tex., 119; Dunlap *v.* Wright, 11 Tex., 597; Baker *v.* Ramey, 27 Tex., 59; Peters *v.* Clements, 46 Tex., 115; Roosevelt *v.* Davis, 49 Tex., 463.

*Clarke & Dyer*, for appellee, cited: Clay *v.* Hart, 49 Tex., 433; Dingeldien *v.* Third Ave. R. R., 37 N. Y. Court. Ap., 575; Lawrence *v.* Fox, 20 N. Y. Court Ap., 268; Putney *v.* Farnham, 27 Wis., 187; Arnold *et al. v.* Lyman, 17 Mass., 400; Hall *v.* Marston, 17 Mass., 575; Cassaday *v.* Frankland, 55 Tex., 457.

STAYTON, ASSOCIATE JUSTICE.— It appears that E. Shelby, the intestate of whose estate the appellant is the administrator, conveyed the tract of land in controversy on January 15, 1881, to the appellee; for which the appellee agreed to pay cash $250, assumed a debt to one Zimmerman, due from Shelby, for $336, secured by mortgage on the land sued for, and a further sum to be evidenced by two notes for equal amounts, and payable December 1, 1883, and December 1, 1884, respectively.  The amount of these notes each seems to have been about $207, and they seem to have been executed and to have been negotiable.

There was a contest as to whether the contemplated cash payment, which was not made at the time the deed was delivered, was subsequently made, and the court trying the same found that $153 only was paid.

This action was brought November 27, 1883, and it is stated by counsel to have been in form a suit of trespass to try title; the right to recover the land being based on the fact that the deed made by Shelby to Ewing expressly reserved a lien to secure the payment of the purchase money.

July 24, 1884, an amended petition was filed setting up the facts pretty much as proved, and praying judgment for the land and rents, or in the alternative for the amount still due and for foreclosure of the vendor's lien.

The notes given by Ewing were not produced on the trial, al-

---

Opinion of the court.

---

though they were proved to have been negotiable, nor was there proof made that they had not been transferred before maturity. The obligation of Ewing to satisfy the debt due to Zimmerman by Shelby was such as would make Ewing responsible to Zimmerman for that sum, of which Ewing seems to have paid $100.

The court refused to render a judgment in favor of the appellant for the land, but gave judgment for the amount due on the indebtedness of Ewing which had matured up to the time the amended petition was filed.

It is claimed that the court erred in refusing to render judgment for the land.

We are of the opinion that the court did not err in this respect.

It is ordinarily true that a vendor who has made an executory contract to convey land may rescind the contract if the vendee fails to pay the purchase money.

This right, however, does not exist in all cases; for if there be facts which make it inequitable for the vendor to exercise this right, a court of equity will not enforce it, but will leave the party to his action for the purchase money. Thomas v. Beaton, 25 Tex. Sup., 321; Scarborough v. Arrant, 25 Tex., 131; Coddington v. Wells, 59 Tex., 49; Tom v. Wollhoefer, 61 Tex., 279.

In this case one of the parties is dead, and the mouth of the other is closed, whereby it cannot be known whether, as claimed by the defendant, the payment of the $250 contemplated as cash payment was made. The judge who tried the case was evidently in great doubt upon this subject, and might consistently with the evidence have found that it had been.

The appellee has assumed the payment of the debt due to Zimmerman, as a part of the consideration for the land, thus giving to a third person the right to call upon and to compel him to pay it — an obligation which, as between the estate represented by appellant and the appellee, it would be inequitable to enforce if the consideration which gave rise to that obligation be withdrawn, while at the same time the legal obligation to Zimmerman continued.

The two notes which were executed were negotiable; neither of them was produced on the trial, nor was it shown that they had not been so transferred to a third person as to make him an innocent holder, and to cut off equitable defenses.

These notes should have been tendered for cancellation if rescission was desired, or it should have been shown that they were not in the hands of an innocent holder. Cassaday v. Frankland, 55 Tex., 457; Rogers v. Blum, 56 Tex., 6.

There should have been an offer to relieve the appellee from liability to Zimmerman. None of these things were done, but rescission was sought, and that even before the note due in December, 1883, was due.

The judgment of the court below is manifestly correct; it meets the equities of the case, and is affirmed.

AFFIRMED.

[Opinion delivered May 19, 1885.]