Opinion delivered April 10. 1883.

## No. 5980.

### THOMAS EAKIN *v.* J. H. SCOTT ET AL.

1. LIQUIDATED DAMAGES.—Unless a contrary intention can be clearly ascertained from an inspection of a contract under which liquidated damages is claimed, courts will not recognize an agreement to pay a sum, on its breach, largely in excess of actual damages sustained, as liquidated damages; yet in every case the intention of the parties must govern.

2. SAME.—When it can be clearly ascertained from the terms of a contract that liquidated damages were to be paid in a sum agreed on, in the event of its breach, it will be so enforced. In an executory contract for the sale and delivery of cattle, fifty thousand dollars was to be paid in instalments; the first was to be at sixty days for eight thousand dollars. The note for eight thousand dollars contained this language: "It is agreed by me that the above amount (eight thousand dollars) shall act as a forfeiture in the event I shall abandon the trade." The contract provided as follows: "The first note for eight thousand dollars, due in sixty days from the date hereof, is to act as a forfeiture and be forfeited by the said (obligor) in the event that he abandons this trade." *Held*, that on a breach of the contract, the vendor was entitled to recover the eight thousand dollars as liquidated damages.

---

Opinion of the court.

---

APPEAL from Concho. Tried below before the Hon. A. W. Moursund.

*J. Hall*, for appellant: The court erred in holding that under the clause in the note and terms of the contract the note was given for liquidated damages, because the subject matter contained in the contract does not clearly indicate the intention of the parties in that respect. It includes a bill of sale retaining a purchase money lien, a contract of hire, a contract not to drive the cattle from accustomed range, and a contract of sale with several conditions and stipulations. (1 Sedgwick's Measure of Damages, 412; 2 Id., 7 ed., 215, 250; 3 Parsons on Contracts, 157; 2 Greenleaf on Evidence, 257.)

*Willingham & Harris* and *G. H. Garland*, for appellees: The court will consider a contract to work a forfeiture when it shows plainly upon its face that such was the intention of the parties thereto. (Tom v. Wollhoefer et al., 61 Texas, 277; Hill v. Still, 19 Texas, 76; Menard v. Snyder, 29 Texas, 257.)

GAINES, ASSOCIATE JUSTICE. This suit was brought in the court below by appellees against appellant, and grew out of a contract for the sale of cattle. The agreement was in writing, and by its terms appellees sold and contracted to deliver to appellant a certain stock of cattle, for the consideration of fifty thousand dollars, to be paid as follows: eight thousand dollars in sixty days; five thousand two hundred and fifty dollars in six months; fifteen thousand seven hundred and fifty dollars in one year; five thousand two hundred and fifty dollars in eighteen months; and fifteen thousand seven hundred and fifty dollars in two years from the date of the instrument. For these payments appellant executed his promissory notes, all bearing ten per cent per annum interest, and dated the same day as the agreement. The note which first fell due is as folfows:

"$8,000.                    PAINT ROCK, Texas, Jan. 1, 1885.
"Sixty days after date I promise to pay to the order of J. H. Scott and G. S. Lowrey, at the Northern Bank of Kentucky, at Lexington, Ky., the sum of eight thousand dollars, with interest from date till paid at the rate of ten per cent per annum, with exchange on New York. This amount is part payment of the

purchase money for the HS brand of cattle this day sold to me by the said Scott & Lowrey, and upon which property the said Scott & Lowrey have retained a vendor's lien to pay said sum. It is agreed by me that the above amount shall act as a forfeiture in the event I shall abandon said trade."

The agreement also contained this stipulation: "It is further agreed by said parties, that the first note of eight thousand dollars, due in sixty days from the date hereof, is to act as a forfeiture and be forfeited by the said Eakin in the event he abandons this trade; and upon payment of said sum of money at said time, said property is to be delivered to said Eakin." Appellant abandoned the contract and refused to pay the note for eight thousand dollars, although appellees performed all the stipulations of the agreement on their part. The suit was brought for the recovery of the eight thousand dollars, and the petition set forth the entire agreement, and alleged plaintiffs' compliance with its terms and defendant's abandonment of the trade. The case was tried upon an agreed statement, in which the facts stated in the petition were substantially admitted, and in which it was further agreed that no actual damages accrued to the plaintiffs from the defendant's failure to comply with the contract.

The correctness of the judgment depends upon the question whether the stipulation for the forfeiture of the eight thousand dollar note is to be treated as an agreement for liquidated damages, or as a mere penalty to recover such damages as the plaintiffs should actually sustain. The questions presented by this class of contracts are a fruitful source of litigation, and are usually difficult to be determined. Stipulations for liquidated damages are generally for amounts in excess of the actual damages, and in such cases work a hardship upon the parties in default. In consequence the courts strongly incline to treat all agreements to pay a lump sum, in case of the failure to perform the terms of a contract, as a mere penalty, and in all doubtful instances to allow a recovery only for the actual damages. This is even so when the contract expressly names the sum as "liquidated damages," if the damages are such as can be ascertained with reasonable certainty according to the rules of law, and if, from an inspection of the entire instrument, it appears that the sum may have been named as a penalty only, still it is generally admitted that a contract for liquidated

damages in excess of actual damages is lawful; and that in the construction of these contracts, as in all others, the intention of the parties must govern. (Yetter v. Hudson, 57 Texas, 604; Durst v. Swift, 11 Texas, 281; Moore v. Anderson, 30 Texas, 230; Perkins v. Lyman, 11 Mass., 76.)

The damages recoverable in this case for a mere breach of the contract of sale, in the absence of an express stipulation as to the amount, were capable of being definitely ascertained, and hence this comes within that class of contracts in which the courts have usually held the sum specified in the contract as a mere penalty. But we are of opinion that if we are to construe the language of the note and agreement before us as the parties themselves construed it, and to give effect to their intention, we must hold that the eight thousand dollars was intended as liquidated damages, and that it was understood between them that if the defendant abandoned the contract he should pay the plaintiffs the first note at all events, and without reference to the actual damages sustained. We are aware that there are many cases which hold that the word "forfeiture" as used in such contracts is equivalent to the word "penalty." (Betts v. Burch, 4 Hurl. & N., Exc., 505; Chaddock's Ex'r v. Marsh, 21 N. J. Law, 463; Salters v. Ralph, 15 Abb. Pr., 273; Taylor v. Marcella, 1 Wood C. C., 302; Richards v. Edeck, 17 Barb., 260.) It is doubtless true that in law the two words may be used to mean the same thing, for a forfeiture is usually a penalty, though a penalty is not necessarily a forfeiture. The primary use of the word forfeit is to lose, and this is also its legal meaning. To forfeit a sum of money means to lose the right to it in favor of another party. If the word used in the note in controversy was synonymous with "penalty," and this was the sole stipulation in the contract upon the subject, it is clear the sum named could not be held as liquidated damages. But the phrase "shall act as a forfeiture" means something different from the words "shall act as a penalty;" and when we refer to the stipulation in the contract. we think the meaning is made clear. The words there used, "shall act as a forfeiture and shall be forfeited," indicate, as we think, that the parties meant that the defendant, in the event he abandoned the trade, should pay absolutely to the plaintiffs the sum named in the first note as their agreed damage; and it would seem that, after having first written the words "shall act as a forfeiture," they were not considered suf-

ficiently explicit, and in order to make their intention clear the words "and shall be forfeited" were added. If it had been intended that the note should be held merely to cover the actual damages, after the use of language expressive of that meaning, why were these additional emphatic words inserted? In order to enable the plaintiffs to recover their actual damages for the breach of the agreement no provision naming any sum was necessary. The right to recover damages for its breach is implied in every contract. Applying the rule of construction that effect must be given to all the language used in the contract, when it can consistently be done, we conclude that the provision in the contract in controversy was to be construed as a stipulation for liquidated damages, and not as a mere penalty.

Our courts have decided that contracts to pay a certain sum as a forfeit for failure to run a horse race are valid; and that they are based upon the actual damages resulting from loss of time and charges and expenses necessarily incurred in preparations for the race. (Wheeler v. Friend, 22 Texas, 683; Kirkland v. Randon, 8 Texas, 10); and we see no reason why similar stipulations for a forfeit in case of a failure to carry out any other contract, where the future damages may be uncertain, should not be enforced. We find no error in the judgment and it is affirmed.

*Affirmed.*