## GEO. M. DILLEY & SON v. WISE & HERVEY.

(Court of Civil Appeals of Texas. Austin. Nov. 12, 1913.)

1. DAMAGES (§ 85*)—BREACH OF CONTRACT—LIQUIDATED DAMAGES.

Where a contract for the sale of gin machinery provided for a certain amount as liquidated damages should the purchaser breach the contract, the seller, upon breach, could recover the amount stipulated.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 179–181, 183–187; Dec. Dig. § 85.*]

2. DAMAGES (§ 80*)—LIQUIDATED DAMAGES.

In the absence of fraud, accident, or mistake, a contract for liquidated damages between parties capable of contracting will be enforced, even though the amount stipulated exceed the actual damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 170–175; Dec. Dig. § 80.*]

Appeal from Anderson County Court; Adam Cone, Judge.

Action by George M. Dilley & Son against Wise & Hervey. Judgment for defendants; plaintiffs appeal. Reversed and rendered.

Campbell & Sewell, of Palestine, for appellants.

JENKINS, J. [1] This suit was instituted by appellants against appellees to recover

$575 as liquidated damages on a contract for the sale of gin machinery, and in the alternative for that amount as actual damages, by reason of a breach of the contract on the part of appellees. The contract provided for the sale of certain gin machinery at a total price of $1,650, and, among other things, provided as follows: "Whereas, it is contemplated and recognized by all of the parties hereto that the said Geo. M. Dilley & Son will sustain damages by our failure to comply with the terms of this contract of purchase, and it is hereby specially agreed that in case we fail or refuse to receive said property or any part thereof on arrival, or if, after the execution of this order, at any time decline to comply with the terms thereof, or in any manner breach, or fail or refuse to carry out the terms of this contract and order, we agree to pay Geo. M. Dilley & Son at Palestine, Texas, 25 per cent of the gross purchase price of the property as mentioned above in this contract, and ten per cent additional thereon as attorney's fees, if placed in the hands of an attorney for collection, as stipulated, as liquidated damages, and not as a penalty, it being the express intention of the parties to this contract that said amount shall be the ascertained, stipulated and liquidated damages agreed upon for our said breach of this contract." Said contract further provided for a cash payment of $300, to be satisfied by the delivery of certain secondhand machinery, and for the first note for $450, due December 1, 1912, to be secured. There was a judgment for appellees, defendants in the court below.

There is no statement of facts in the record. Appellants assign error upon the court's conclusion of law from the facts found by the court. The facts as found show that appellees breached the contract by failing and refusing to deliver the secondhand machinery, and also by failing and refusing to execute the notes provided for in said contract. The court in its conclusion of law states that, as the appellees were unable to give the security required, therefore they are not liable. In other words, if a party makes a contract, and he is unable to comply with the same, he is not liable in damages. This is not the law. The contract plainly provides for liquidated damages in the amount sued for, and the court should have rendered judgment for that amount. Eakin v. Scott, 70 Tex. 445, 7 S. W. 777.

[2] In Cowart v. Connally & Co., 108 S. W. 974, the Court of Appeals for the Sixth District, after citing the case of Eakin v. Scott, supra, makes the following statement: "But in Collier v. Betterton, 87 Tex. 442, 29 S. W. 467, the Supreme Court seems to recognize the doctrine, applied in many jurisdictions, that the intent of the parties will not always be permitted to control in the effect to be given to such contracts. The court says that, 'although a sum be named as "liquidated damages," the courts will not so treat it' no

matter what may be the intention of the parties; we understand the court to mean, 'unless it bears such proportion to the actual damages that it may reasonably be presumed to have been arrived at upon a fair estimation by the parties of the compensation to be paid for the prospective loss. If the supposed stipulation greatly exceed the actual loss, if there be no approximation between them, and this be made to appear by the evidence, then it seems to us, and then only, should actual damages be the measure of recovery.' This rule, it seems to us, is entirely inconsistent with the one applied in Eakin v. Scott, supra, where a judgment for $8,000 in favor of parties who had suffered no actual damages in consequence of the breach of the contract was affirmed. The rule announced in Collier v. Betterton, however, is a later expression of the views of the Supreme Court, and we think a better interpretation of the law."

What was said by the Supreme Court in Collier v. Betterton, supra, is clearly dicta, inasmuch as it was held in that case that there was no evidence to show that the liquidated damages stipulated for were in excess of the actual damages. No reference is made in Collier v. Betterton to the case of Eakin v. Scott, and we do not think that the court meant to qualify the doctrine laid down in that case. If liquidated damages are recoverable only to the extent of actual damages, then there is no use for a provision in a contract for liquidated damages. Such stipulations are based, not only on the actual damages suffered, but upon such damages as the parties might reasonably contemplate would be suffered by breach of the contract.

"Stipulations for liquidated damages are generally for amounts in excess of the actual damages, and in such cases work a hardship upon the parties in default. In consequence the courts strongly incline to treat all agreements to pay a lump sum, in case of failure to perform the terms of a contract, as a mere penalty, and in all doubtful instances to allow a recovery only for actual damages. * * * Still, it is generally admitted that a contract for liquidated damages in excess of actual damages is lawful, and that in the construction of these contracts, as in all others, the intention of the parties must govern." Eakin v. Scott, supra.

"As a man binds himself, so shall he be bound;" and, in the absence of fraud, accident or mistake, a contract for liquidated damages between parties capable of contracting, where it clearly appears that such was the agreement of the parties, will be enforced.

We have thus expressed our views, because the case of Cowart v. Connally, supra, apparently overrules Eakin v. Scott. However, in the instant case the contract for stipulated damages would be enforced, even under the doctrine announced in Cowart v. Connally, for the reason that the proof shows that the actual damages were equal to, if not in ex-

cess of, the liquidated damages stipulated for in the contract.

For reasons above given, the judgment of the trial court is reversed, and judgment here rendered for appellants for the sum of $575, with interest from November 11, 1912, the date on which judgment below should have been rendered for appellants.

Reversed and rendered.