**JONES v. MAYS. (No. 6515.)***

(Court of Civil Appeals of Texas. Austin. Dec. 20, 1922. Rehearing Denied Jan. 24, 1923.)

**Damages ⬅78(6)—Sums deposited to guarantee performance held intended as liquidated damages rather than penalty.**

Deposit of a certified check by the purchaser and a promissory note by the vendor as stipulated in a contract for the sale of land, in each case for one-tenth the purchase price, "as an evidence of good faith" and "a guaranty" of performance, and the further agreement that if either failed to perform the amount deposited by him "shall be immediately forfeited," but that, if the seller was unable to perform after using reasonable diligence, he should not be liable to the buyer in such sum, *held* to be an agreement for liquidated damages and not for a penalty.

Appeal from District Court, Bell County; M. B. Blair, Judge.

Action by C. B. Mays against C. P. Jones. Judgment for plaintiff, and defendant appeals. Affirmed.

J. B. Talley, of Temple, and Tyler, Hubbard, Monteith & Dougherty, of Belton, for appellant.

BRADY, J. Appellee sued appellant upon his certain promissory note for $1,500. The note contained this stipulation: "This note is given as an evidence of good faith as per contract hereto attached."

The contract was set out in the petition and was introduced in evidence. The portions most material here are as follows:

"As an evidence of good faith the said Mays hereby deposits his certified check in the sum of $1,500.00, payable to said Jones, as a guaranty on his part that he will faithfully perform his part of this contract, and it is especially agreed that if the said Mays shall fail or refuse to make the cash payment heretofore mentioned, or to execute the vendor's lien notes or deed of trust, then in that event the said $1,500.00 shall be immediately forfeited and payable to the said Jones on demand. It being further agreed that if said Mays complies with all the terms and conditions of this contract imposed on him, then the said $1,500.00 shall be applied as the cash payment heretofore mentioned.

"As an evidence of good faith the said Jones hereby executed his promissory note in the sum of $1,500.00, payable to said Mays on demand, as a guaranty on his part that he will comply with the terms and conditions of this contract. If the said Jones shall fail or refuse to tender to said Mays the general warranty deed signed and acknowledged by himself and wife, or if he should fail or refuse to furnish an abstract showing and disclosing a good and merchantable title, then the said $1,500.00 shall be immediately forfeited and payable to the said Mays, it being provided however, that if the said Jones should be unable to furnish a good and merchantable title after using reasonable diligence to do so, then in that event only he shall not be liable to said Mays in the above sum of $1,500.00."

Appellant filed a general demurrer and special exceptions, raising the point that the note and contract, upon their face, showed that said note was not given as liquidated damages. Besides the general denial, there were special defenses, which were submitted to the jury upon special issues.

The findings of the jury were adverse to appellant and, it is conceded, were supported by evidence.

The demurrer and special exceptions and appellant's several motions for a peremptory instruction were overruled, and the court rendered judgment for appellee for the full amount of the note, with interest and attorney's fees.

Neither party requested the submission of an issue as to whether the parties intended to stipulate for liquidated damages or for a penalty. Aside from the note, the only evidence of intention to which appellant has called our attention is that of the parties themselves. There are no briefs for appellee.

The evidence referred to is as follows: Appellant testified:

"There was nothing said by Mr. Mays or myself with reference to whether he or I would sustain damages, in the event we failed to carry out our contract."

Appellee testified, in substance, that the parties did not discuss what their damages would be, but that the $1,500 check and note was put up "for that amount of damages," if the contract was breached; that if appellant broke the contract, he was to give appellee the note; and that appellee "wanted that much out of it." He could not say whether the question of damages was mentioned or not; that the purpose of the note and check was to secure each party in the trade; that they did not discuss the amount of damages, "in those terms."

The sole question presented for our decision is whether appellee pleaded and proved a contract for liquidated damages. It is the contention of appellant that, as a matter of law, appellee was not entitled to recover, because:

"First, because the note was not given as liquidated damages, and no actual damages were alleged or proven; second, that the contract imposed two separate and distinct conditions and obligations on defendant and recited that the note sued on should be forfeited for failure to comply with either; third, that the amount of the note sued on was grossly disproportionate to, and in excess of, any damage which plaintiff might have suffered, and no damage being proven, plaintiff could not recover."

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction March 14, 1923.
248 S.W.—9

In 8 Ruling Case Law, Damages, p. 559, § 110 et seq., there is an excellent discussion of the subject of liquidated damages and penalties, with a statement of the general rules usually recognized by the courts in determining whether contracts are to be construed as stipulating for one or the other. In section 110, it is stated:

"The distinction between a penalty and liquidated damages being that the one is surety for, and the other is to be paid in the event of nonperformance of, the act to be done."

Again, in section 111, it is said:

"As a general rule, the intention of the parties is an important, if not a conclusive, element in determining whether a sum stipulated to be paid in case of the breach of a contract is to be regarded as liquidated damages or as a penalty; and the question therefore is said to be one of construction."

In section 117, we find the following:

"If it cannot be ascertained from the face of the contract that the damages stipulated to be paid in case of a breach are excessive, and if there is no testimony which enables the court to find the amount of damages anticipated by the parties as likely to result from the breach, or the amount of damages actually suffered, the stipulation cannot be regarded as a penalty."

In section 118, this rule is recognized:

"The certainty or uncertainty of the actual damages which a breach of contract will occasion and the ease or difficulty of ascertaining or proving them is an important matter to be considered in determining whether the sum named is liquidated damages or a penalty."

All of these rules appear to have found recognition in Texas cases. For instance, in Collier v. Betterton, 87 Tex. 440, 29 S. W. 467, our Supreme Court said:

"If the supposed stipulation greatly exceed the actual loss—if there be no approximation between them, and this be made to appear by the evidence—then it seems to us, and then only, should the actual damages be the measure of the recovery."

Again, in Eakin v. Scott, 70 Tex. 442, 7 S. W. 777, our Supreme Court recognized that where the damages for breach of a contract of sale, in the absence of an express stipulation as to the amount, are capable of being definitely ascertained, the case would fall within that class of contracts in which the courts have usually held the sum specified in the contract as a mere penalty. In that case the subject of the sale was cattle.

The same rule was announced in Runnels v. Pruitt, 204 S. W. at page 1021, a decision by the Dallas Court of Civil Appeals. The subject of the contract there, as in the instant case, was the sale of land.

There are also cases, including Texas decisions, holding that where the contract imposes two or more separate and distinct obligations on a party, and the contract provides for a forfeiture in case of a failure to comply with either, the contract will be construed as providing for a penalty, especially where the different acts to be performed are of unequal degrees of importance. See Palestine Ice & Fuel Co. v. Connally (Tex. Civ. App.) 148 S. W. 1109; also, 8 Ruling Case Law, § 120, p. 571; 17 Corpus Juris, 952.

It may be conceded that in this case the damages were not impossible nor even difficult of ascertainment under fixed rules of law. The contract was for the sale of land, and the measure of damages for a breach by either party seems to be well established under definite legal standards. The amount of damages would appear to have been reasonably ascertainable at the time of the breach. Furthermore, it might also be conceded that the contract provided for more than one act on the part of both parties, in performance of their mutual obligations, and that some of the covenants were of different degrees of importance. Upon these assumptions, it would appear that the contract under consideration presented two elements, either of which usually impels a court to construe the contract as providing for a penalty. However, as we shall seek to demonstrate, it does not follow that either or both of these elements are conclusive as to the intention of the parties.

Of the many authorities we have examined, the case which we think is most analogous to the instant case is that of Eakin v. Scott, 70 Tex. 442, 7 S. W. 777, cited above. That case has been frequently cited and apparently followed in many cases collated in Rose's Notes on Texas Reports, vol. 3 (1910 Ed.) p. 811. The subject-matter of the contract there was a stock of cattle. Scott and Lowry entered into a written contract with Eakin for the sale of the cattle for a consideration of $50,000. $8,000 evidenced by the first note was to be paid in 60 days in part payment of the contract price. That note contained this provision:

"It is agreed by me that the above amount shall act as a forfeiture in the event I shall abandon said trade."

The written agreement contained this stipulation:

"It is further agreed by said parties, that the first note of eight thousand dollars, due in sixty days from the date hereof, is to act as a forfeiture *and be forfeited* by the said Eakin, in the event he abandons this trade; and upon payment of said sum of money at said time said property is to be delivered to said Eakin." (Italics ours.)

Although Scott and Lowry performed all the stipulations of the agreement on their part, Eakin abandoned the contract and refused to pay the first note.

The case was tried upon an agreed statement, in which it appeared that no actual

damages accrued to Scott and Lowry from Eakin's failure to comply with the contract. Judgment was rendered against Eakin for the full amount of the note, and the Supreme Court affirmed the action of the trial court. The primary principle applied in reaching the conclusion was that the intention of the parties must govern. It was conceded that damages were capable of being definitely ascertained, and also that many cases hold that the word "forfeiture" as used in such contracts is equivalent to the word "penalty." Nevertheless the Supreme Court held that the contract must be regarded as providing for liquidated damages, because the instrument itself reflected the intention of the parties to that end, and because it was understood by the parties that if Eakin abandoned the contract he should pay the first note at all events, and without reference to the actual damages sustained. The reasoning of the court, in brief, was that the parties had stated in the note that the amount "shall act as a forfeiture," which means something different from the words "shall act as a penalty"; and that when the stipulation in the contract was referred to, the meaning was made clear. In the latter instrument, it was stipulated that the first note of $8,000 "is to act as a forfeiture and be forfeited." The gist of the decision may be found in this language, on page 446, of 70 Tex., on page 779 of 7 S. W.:

"If it had been intended that the note should be held merely to cover the actual damages, after the use of language expressive of that meaning, why were these additional emphatic words inserted? In order to enable the plaintiffs to recover their actual damages for the breach of the agreement no provision naming any sum was necessary. The right to recover damages for its breach is implied in every contract. Applying the rule of construction that effect must be given to all the language used in the contract, when it can consistently be done, we conclude that the provision in the contract in controversy was to be construed as a stipulation for liquidated damages, and not as a mere penalty."

We think that case is directly in point and is controlling of this case, adversely to appellant. We shall briefly endeavor to apply the reasoning therein to the facts of this case.

The contract here expresses the purpose, both as to the check deposited by Mays and the note executed by Jones, that these instruments were deposited as "an evidence of good faith," and also as a "guaranty" that the respective parties would comply with their obligations. The note contains a similar recital. If these phrases were all the language of intention, we would feel strongly inclined, if not compelled, to hold that each deposit was intended as a penalty and not as liquidated damages. The terms are peculiarly appropriate to describe a penalty and alone would express the purpose of

security rather than a fixed payment, but the parties did not stop there. They stated in unequivocal terms that if Mays should fail to perform the contract, "in that event the said $1,500 shall be immediately forfeited and payable to the said Jones on demand." In the next paragraph, describing the deposit by Jones of his promissory note, it was said that, if he should fail to tender the deed or furnish an abstract, "then the said $1,500 shall be immediately forfeited and payable to the said Mays." Not only that, but the last clause of the contract makes it as clear that Jones, in the event of his breach of the contract, should pay absolutely to Mays the sum of $1,500, provided only that he was excused from liability if he should be unable to furnish a good and merchantable title, after using reasonable diligence.

Applying the reasoning and reiterating the language of Mr. Justice Gaines, in Eakin v. Scott, supra:

"If it had been intended that the note should be held merely to cover the actual damages, after the use of language expressive of that meaning, why were these additional emphatic words inserted? In order to enable the plaintiffs to recover their actual damages for the breach of the agreement no provision naming any sum was necessary. The right to recover damages for its breach is implied in every contract. Applying the rule of construction that effect must be given to all the language used in the contract, when it can consistently be done, we conclude that the provision in the contract in controversy was to be construed as a stipulation for liquidated damages, and not as a mere penalty."

It is also worthy of note, in seeking the intention of the parties, that if the note of Jones was executed only as security, it was an idle stipulation. It afforded no security, because it was a mere promise to pay, by the vendor himself. It conferred no valuable right upon Mays, because the law itself gave him a right to damages, for any unauthorized breach. We think these considerations are strongly persuasive that no mere penalty was intended.

It we should look to the evidence, outside the contract itself, we find nothing to show that the parties intended but a penalty. It is doubtful whether this evidence aids very much in an interpretation of the contract, but it is to be remembered that the appellee's testimony, which the trial court was privileged to accept, is to the effect that both the $1,500 check and note were put up for that amount of damages, and that if appellant broke the contract he was to give appellee the note; in other words, to pay it.

In addition to what has been said, we wish to observe that the amount stipulated in the contract to be forfeited was one-tenth of the consideration agreed to be paid by appellee for the land. In Eakin v. Scott, supra,

the amount of the sum stipulated was but a little less than one-sixth of the contract price of the cattle. In the latter case, it was agreed that there were no actual damages whatever. In the instant case that is not made to appear. The record is silent on the subject, and the damages, if any, might have exceeded the amount of the forfeit. Neither party requested the submission of actual damages. Therefore there is no room in this case for the claim that the amount stipulated for was grossly in excess of the actual damages.

We have concluded that the contract and the other evidence on the trial amply justified the trial court in the conclusion that the parties intended to stipulate for liquidated damages.. All disputed issues were submitted to the jury, and found adversely to appellant. It was then the duty of the trial court to construe the contract, and, believing that the proper judgment was rendered, the case will be affirmed.

Affirmed.