## WOODLIFF v. AL PARKER SECURITIES CO.

VENDOR AND PURCHASER — CANCELLATION OF CONTRACT — VENDOR
MAY NOT RETAIN BOTH THE MONEY PAID AND THE LAND SOLD.
In an action for money paid as earnest money on the
purchase of land, where it appeared that, 17 days after
defendant accepted a substantial payment, it canceled the
contract and retained all the money paid thereon, the trial
court properly directed a verdict in favor of plaintiff.[1]

Error to Washtenaw; Sample (George W.), J. Submitted October 8, 1925. (Docket No. 33.) Decided December 22, 1925.

Assumpsit by Richard S. Woodliff against the Al Parker Securities Company for money paid on a land contract. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*Stivers & Laird,* for appellant.

*Cavanaugh & Burke (Louis E. Burke,* of counsel), for appellee.

MOORE, J. At the close of all the testimony both parties asked for a directed verdict. The trial judge directed a verdict in favor of the plaintiff in the sum of $2,137.50. The case is brought into this court by writ of error.

The plaintiff entered into a written contract with defendant for the purchase of land in Texas, the material parts of which, as to this controversy, read:

"The company hereby sells to the purchaser and the purchaser hereby buys from the company the following described lands. * * * in accordance with the conditions herein mentioned for a total consideration

[1] Vendor and Purchaser, 39 Cyc. p. 2004.

of $8,000 the purchaser hereby makes the following payment to be applied in part payment of the total consideration as soon as the terms herein are fully complied with by the purchaser.

| | |
|---|---:|
| Cash by check | $500.00 |
| Promissory note due Oct. 1st | 3,500.00 |

"The payment above recited is received by the company as earnest money paid, the receipt of which is hereby acknowledged.   Purchaser agrees to assume and pay, when due, five vendor's lien notes in the sum of $360.00 each, payable in one to five years.   (The notes were not offered in evidence.)   *   *   *

"Failure to pay any part of the earnest money, above mentioned, when same by the terms hereof become due and payable   *   *   *   will at the election of the company cause this contract to be void and at an end. In which event all sums theretofore paid shall be retained by the company as fixed, stipulated and liquidated damages."

Five hundred dollars was paid June 17, 1922, $1,000 was paid January 3, 1923, and $500 was paid January 22, 1923, and on February 9, 1923, defendant notified plaintiff it canceled the contract, and later sold the land.   It did not return any of the notes, and it refused to return to the plaintiff the $2,000 he had paid, and he brought suit, with the result already stated.

It is the claim of the appellant, we quote from the brief:

"2. Under the terms of the contract when the contract is broken by the purchaser, by failure to pay the earnest money according to its terms, such earnest money as has been paid may be retained by the seller as liquidated damages.

"The contract provided in particular that 'all sums (of the earnest money) theretofore paid shall be retained by the company as fixed, stipulated and liquidated damages.'

"This provision in the contract under the Texas law is an agreement for stipulated damages which the

courts have always recognized as binding upon the parties to such an agreement."

Counsel cite *Yetter* v. *Hudson,* 57 Tex. 604; *Eakin* v. *Scott,* 70 Tex. 442 (7 S. W. 777) ; *Halff* v. *O'Connor,* 14 Tex. Civ. App. 191 (37 S. W. 238), and other authorities, none of which are controlling in the instant case.

We now quote from the brief of the plaintiff who claims the judgment should stand:

"(*a*) Because the plaintiff has complied with the terms of the contract in the payment of the $500 in cash and the note of $3,500 which the defendant company agreed was earnest money paid and therefore no default could exist under the terms of the contract as set forth in paragraph five of the contract.

"(*b*) Because if a default did exist, the company waived it by accepting two later payments amounting to $1,500.

"(*c*) Because they did not rescind the contract according to the rules prescribed by the laws of the State of Texas."

Counsel cite *Tom* v. *Wollhoefer,* 61 Tex. at p. 281; *Milligan* v. *H. H. Ewing,* 64 Tex. 258.

In the instant case it does not appear what became of the note for $3,500. It is not shown it had not been negotiated. It is shown that neither it nor the lien notes were returned to the plaintiff and that within 17 days after receiving a substantial payment upon the $3,500 note, defendant undertook to cancel the contract and sold the land.

We agree with the trial judge

"that it would be unconscionable and unjust for the defendant company to have and retain both the $2,000, which was to have been applied on the purchase of the land in question and the land as well."

Judgment is affirmed, with costs to appellee.

MCDONALD, C. J., and CLARK, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.