## MAZAC v. CONNER. (No. 7129.)

Court of Civil Appeals of Texas. Austin.
June 8, 1927.

Rehearing Denied June 9, 1927.

**1. Appeal and error ⊜⇒1011(1)—Judgment based on conflicting evidence will not be disturbed on appeal.**

Where the evidence is conflicting on an issue, the judgment based thereon will not be disturbed on appeal.

**2. Damages ⊜⇒78(6)—Provision in contract to exchange properties, that defaulting party should pay $1,000, held intended as liquidated damages and not as penalty.**

Provision in contract for the exchange of properties, that, in case of default, the defaulting party should owe the other $1,000 as liquidated damages, held intended as provision for liquidated damages and not as penalty.

**3. Damages ⊜⇒77—Whether provision in contract for money payment on default is liquidated damages or penalty held determined by parties' intention, gathered from circumstances.**

Whether stipulated sum in a contract to be paid by a defaulting party for breach is for liquidated damages or for penalty is a question of the parties' intent, to be determined from the instrument itself and all surrounding circumstances.

**4. Damages ⊜⇒76—Where damages are stipulated, plaintiff need not show actual damages approximating amount stipulated.**

Where damages for breaching a contract to exchange properties are stipulated, the plaintiff, in action for such damages, need not show actual damages approximating the amount stipulated.

**5. Exchange of property ⊜⇒8(5)—Measure of damages for breach of contract to exchange real estate is not market value minus contract price, but the difference between values of properties.**

The measure of damages for breaching a contract to exchange real estate is not the market value of the property which the party not breaching the contract was to receive minus the contract price, but is the difference between the value of the property which was to have been received and that to have been given in exchange.

**6. Exchange of property ⊜⇒8(4)—Evidence held to show actual damages from breach, of contract to exchange real estate approximated stipulated damages.**

In action for damages for breach of contract to exchange property, evidence held to show that the actual damages from the breach of the contract approximated the liquidated damages stipulated in the contract.

Appeal from District Court, Williamson County; Cooper Sansom, Judge.

Action by A. B. Conner against John (Jan) Mazac. Judgment for plaintiff, and defendant appeals. Affirmed.

Wood & Wood, of Granger, for appellant.
J. V. Morris, of Bartlett, for appellee.

BLAIR, J. Appellee sued appellant to recover $1,000 as damages for breach of a contract to sell and exchange their farms, also claiming that sum as liquidated damages under provision of the contract, and on a trial to the court without a jury recovered judgment against appellant for "$1,000 as liquidated damages for breach of the contract." Appellant pleaded, first, that the contract was void because induced by the fraud of appellee; and, second, that the provision of the contract for "liquidated damages" was intended as a penalty; and that no actual damages resulted from the breach—and he here contends that these defenses were established by the evidence as a matter of law. Neither contention is sustained.

---

[1] The fraud charged was that appellee represented a well on the farm traded appellant to stand five or six feet in water at all times, and that it sufficiently supplied the farm with water, which appellant testified he discovered to be untrue, and that he refused to carry out the contract solely because of these misrepresentations. Appellee testified that he told appellant the well stood most of the time five or six feet in water, and that it supplied the farm with water except in extremely droughty times; and several other witnesses testified to the same facts with reference to the condition of the well. Appellee and three other witnesses testified in this connection that, when appellee tendered appellant an abstract to the form he was trading him, appellant refused it, stating that his wife did not wish to make the exchange of the properties described in the contract, and for that reason he would not carry it out. The evidence is therefore conflicting on the issue, and the judgment based therein will not be disturbed on appeal.

The contract contained the following provision:

"This trade is to be closed up on or before January 1, 1926, and it is agreed that, in the event that either party to this contract shall fail or refuse to carry out his part of this contract, he shall owe the other party the sum of $1,000 as liquidated damages, provided the other party is ready, willing, and able to carry out his part of this contract."

Concerning the purpose of this provision, appellant testified:

"I remember the time when I signed this contract in the Bartlett State Bank, and it said $1,000 was to go for the one going back on the trade. I did not try to figure out how much I would lose; I never counted anything; he never told me and I never asked him. * * * He said who drew out from the trade would pay $1,000 to the other one. * * * The purpose of putting that $1,000 in the contract, as liquidated damages, was, if Mr. Conner went back on it, he would give me that much money, and, if I did, I gave him that much. * * * I understood from the contract that if Mr. Conner went back on the trade he would owe me $1,000."

And appellee testified:

"At the time of the mention of the $1,000 was put in the contract, we had an agreement if either one of us failed to carry out the trade we would be subject to pay the other $1,000. That was a guaranty between us, in case either of us failed to carry it out. The agreement as to what the damages would be in case of the failure of either party to carry out the contract was that he was to pay $1,000 to the other. * * * I did not try to figure out what I would lose in the market value of the land, or anything like that. I did not try to figure what Mr. Mazac would lose either—we just fixed it at $1,000, without reference to what I would lose or what he would lose. That was the stipulation we fixed to bind the trade."

[2, 3] In the case of Veselka v. Forres (Tex. Civ. App.) 283 S. W. 306, this court recently reviewed the questions presented, and held that:

"It may be stated as a general proposition that, in ascertaining whether the sum stipulated in the contract to be paid by either party in default to the other for breach thereof is for liquidated damages, or for a penalty, it must be determined from the instrument itself and the intention of the parties thereto, as gathered from the circumstances surrounding its execution."

Applying that rule of construction to the facts in this case, it is clear to our minds that the parties intended to pay the sum stipulated as liquidated damages, and the following leading cases in Texas support our conclusion: Eakin v. Scott, 70 Tex. 442, 7 S. W. 777; Collins-Decker Co. v. Crumpler, 114 Tex. 528, 272 S. W. 772; Talkin v. Anderson (Tex. Sup.) 19 S. W. 852, citing Yetter v. Hudson, 57 Tex. 610; Durst v. Swift, 11 Tex. 282. See, also, 17 C. J. 931–945.

In points of fact the Collins-Decker Co. v. Crumpler Case, supra, is parallel with the case at bar, and we quote the following from agreement in that case as to stipulated damages:

"The agreement was that, if either party failed to comply with the contract, the checks were to be delivered to the other party. * * *

"Q. It did not matter how much you were damaged or whether you were damaged at all, if either one broke the contract, the other was to take the $1,000? A. Yes, sir."

Upon this evidence the Commission of Appeals held that "clearly the intention of the parties" was to fix the amount stipulated as liquidated damages, and further that "these parties have bound themselves by a definite contract, and they should be bound thereby."

Appellant raises the same questions as were passed upon in the Collins-Decker Co. v. Crumpler Case, and we cite it as conclusive of the questions urged. It has been the policy of the Supreme Court since the earliest cases to construe contracts of this character, as in all others, so as to permit the intention of the parties to govern. And, since the decision in Eakin v. Scott, supra, and even before that time, contracts for stipulated or liquidated damages have been enforced, although the amount be in excess of the actual damages suffered, where it reasonably appears from the instrument itself and the circumstances surrounding its execution that the parties so intended, upon the reasoning that parties are left free to make legal and reasonable contracts concerning any matter, and that as they contract so are they bound.

[4, 5] If it should be considered necessary for appellee to show himself entitled to actual damages approximating the amount of stipulated damages as contended by appel-

lant, which we do not think is the rule where it reasonably appears from the contract and the circumstances surrounding its execution that the parties intended to provide for liquidated damages, then he has done so under the measure of damages controlling this case. The measure of damages for breach of a contract to exchange real estate is not the difference between the contract price of the property which the party not breaching was to receive and its market value on the date of the breach as contended for by appellant, but is the difference between the value of property received and that given in exchange. George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456; Sanders v. Hickman (Tex. Civ. App.) 235 S. W. 278; Medley v. Lamb (Tex. Civ. App.) 223 S. W. 1048; Foster v. Atlir (Tex. Com. App.) 215 S. W. 955; Montgomery v. McCaskill (Tex. Civ. App.) 189 S. W. 797.

[6] Several witnesses testified, in substance, that the value of the land appellee was to have received in the exchange of lands was $10 per acre, or $1,000 more valuable than that which he traded appellant, and of course he was damaged in that sum as the result of appellant's breach of the contract.

We find no error in the judgment, and it is affirmed.

Affirmed.