CHRISTIE, MITCHELL AND MITCHELL
CO., Appellant,

v.

L. V. SELZ, Appellee.

No. 15897.

Court of Civil Appeals of Texas.

Fort Worth.

April 11, 1958.

Rehearing Denied May 9, 1958.

Nolen L. Sewell, Decatur, Smith & Fulton, and Paul A. Smith, Houston, for appellant.

Woodruff & Woodruff and W. B. Woodruff, Jr., Decatur, for appellee.

MASSEY, Chief Justice.

This is an appeal from a summary judgment entered in behalf of the plaintiff. The defendant's motion for summary judgment was heard at the same time and was refused. On the appeal, the defendant is complaining because of the entry of summary judgment for the plaintiff.

Plaintiff was L. V. Selz. He was the Lessor under a lease contract for certain office space with defendant Company, the latter being the Lessee. The lease period was the term of two full years dating from August 15, 1955, at a consideration stated as $75 per month. Had there been no breach of the contract, the total consideration as rent would have amounted to $1,-800. By the terms of the lease the Lessor not only agreed to let the office space, but argeed to install floor coverings and partitions, and a gravel drive to the rear entrance of the building. He also agreed to supply year round air conditioning, both heating and cooling, to supply water and sewer facilities and connections, and to pay the electrical bill provided his obligation on said bill would not exceed the sum of $5 per month. Lessee agreed to keep the premises in repair and not to make improper or offensive use thereof, nor such use as would likely damage or alter the structure of the building without prior consent of the Lessor, nor assign or sublet the lease or any part of the premises.

Further provision of the lease was to the effect that in the event the Lessee should desire to cancel the lease and surrender up the premises during the term "Lessee shall nevertheless be liable to Lessor for the remaining balance then unpaid on such lease, at the rate of $75.00 per month as hereinabove specified, for the number of months then remaining in said term * * *, *and Lessee hereby expressly covenants to pay to Lessor such sum in such event at the time of surrendering up said premises, * * *.*" (Emphasis ours.)

The Lessee did not occupy the premises for the full two year term, but on September 30, 1956, surrendered the premises, thereby breaching the contract. The remainder of the lease period covered a period of ten and one-half (10½) months, as to the rental for which Lessee was obligated by the lease to pay $787.50. This sum was not paid by Lessee to Lessor as of the time the premises were surrendered, and it had not been paid to time of the suit. This

354

was the amount, as "liquidated damages," or as a "forfeit" in the nature of liquidated damages, for which Lessor brought his suit.

On January 10, 1957, three months and ten (10) days from the date on which Lessee surrendered the premises, Lessor rented the same premises to a third-party as tenant. The record does not reflect whether it was necessary for Lessor to incur any expenses incident to his re-leasing of the premises or to furnish to his new tenant any consideration other than the physical premises themselves in a condition identical to that in which they were found at time of Lessee's surrender. He received as consideration from his new tenant an amount, as rent, calculable on the basis of $125 per month dating from January 10, 1957, and on June 19, 1957 (being the date affidavit on summary judgment proved this fact in view of the fact that it was not controverted) had received a total of more than $625. It is to be noted that the motions for summary judgment were heard on June 29, 1957, a little more than one and one-half months prior to the date for expiration of the primary term of the lease. Left in doubt was the question of whether Lessor would, for the remainder of the said primary term, receive an amount equivalent to or in excess of that he would or should have received from Lessee had the latter remained in possession for the full primary period of the lease.

It is clear from the situation outlined above that if the Lessor is not entitled to the full amount of $787.50, for which he sued as "liquidated damages" or as a "forfeit" in the nature of liquidated damages, it will be necessary to remand the cause for further proceedings in the trial court.

For the purposes of this case we believe the question turns on whether the parties actually agreed that the sum of $787.50 should be forfeited by Lessee to Lessor under the situation contemplated by the lease, with the date of the surrender of the premises acknowledged as the date as of which

the determination is to be made. If it were not a question, but was agreed that the parties did actually stipulate by the contract that such sum would be forfeited as liquidated damages, the case of Eakin v. Scott, 1888, 70 Tex. 442, 7 S.W. 777, would appear to present authority for upholding the stipulation.

But, as pointed out by Judge Gaines' language in the case of Eakin v. Scott, supra, the courts in all questionable cases are strongly inclined to treat agreements to pay a lump sum in case of the failure to perform the terms of a contract as a "mere penalty" and to allow a recovery only for the actual damages. Where, in the determination and construction of contracts, the language thereof is capable of two constructions, an interpretation which makes the agreement fair and reasonable will be adopted in preference to one which leads to harsh, oppressive or unreasonable results; where one of such constructions would involve a forfeiture, a slight circumstance will be used to avoid such, as forfeitures are not favored in the law and cannot be based on ambiguous provisions but only where provisions clearly and unequivocally give a right to it. 10-A Tex.Jur., pp. 387, 424, "Contracts," secs. 191, "Avoidance of Illegal, Inequitable, or Oppressive Construction," and 209, "Conditions Involving Forfeiture." Under this authority, and the holdings of the cases upon which the text was founded, we are of the opinion, under the evidence on summary judgment, that the stipulation of the parties should be construed as a "mere penalty," in the parlance of Judge Gaines, and the judgment accordingly reversed.

There is additional reason why we would be obliged to reverse the judgment. The case of Stewart v. Basey, 1952, 150 Tex. 666, 245 S.W.2d 484, follows the Restatement of the Law, Contracts, Sec. 339, in its entirety. Texas was at one time contra to Subsection (1) (b). We are bound to follow the most recent of

the holdings of our Supreme Court, including that of such case. In view thereof, even if the provision of the contract under consideration actually was one of forfeiture in the nature of liquidated damages for anticipatory breach, it would not be enforceable and would not affect the damages recoverable for the breach, since the amount attempted to be fixed was not a reasonable forecast of just compensation for the harm thereby caused Lessor, nor was the harm such as was incapable of accurate estimation or very difficult of accurate estimation as of the time the damages were purportedly fixed.

Judgment is reversed and the cause remanded.

### On Motion for Rehearing

On the motion for rehearing appellee lessor points out that his suit was not for breach of contract, but was cast in equity as a suit for specific performance. This is true for he was apparently careful not to charge any breach of the lease contract, nor any breach of appellant's promise to pay the sum of $787.50. The petition is in the nature of one demonstrating that lessor has fully performed according to contract, whereupon the lessee owes and is obliged to perform his promise, upon the inducement of which lessor discharged his own obligations. In other words, lessor insists that lessee "perform" by paying the sum of $787.50.

We have done our work on appeal with a rather liberal interpretation of the pleadings and counsel for lessor obviously has reached the opinion that we wholly treated the case as one for damages for breach of contract. Indeed, in our opinion, the case should be so treated. If the promisor has a contractual right either to perform his obligation or to pay a stipulated sum as liquidated damages, and the contract binds the promisee to accept the stated sum in lieu of performance, the promisee will be held to an action for damages. 38 Tex.Jur., p. 490, "Specific Performance," sec. 52 (Effect of Provision for Liquidated Damages or Penalty) "In General."

Without enlarging upon our opinion unnecessarily we are obliged to notice that if the case should be controlled upon equitable principles, maxims thereof would lead us into action identical to that we have taken. In either event, the proper action by this court would be to remand the cause to the trial court.

Motion for rehearing is overruled.