**L u ROBERTS et al., Appellants,**

v.

**George L. C. DEHN, Appellee.**

No. 16914.

Court of Civil Appeals of Texas.

Dallas.

May 12, 1967.

Rehearing Denied June 2, 1967.

Gerald W. Moss and Ben Warder, Jr., of Carter, Gallagher, Jones & Magee, Dallas, for appellants.

Barnett M. Goodstein and Richard Erlanger, of Goodstein, Erlanger & Starr, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

Appeal from a summary judgment awarding appellee recovery against appellants for breach of rental agreement. On July 1, 1965 appellants entered into a written lease agreement with appellee's predecessor in title whereby appellants agreed, for a consideration of $300 per month, to rent an apartment for a period of two years. In addition to the payment of the monthly rental appellants agreed to and did deposit with lessor the sum of $300, the purpose and effect of such deposit being reflected in paragraphs 7 and 8 of the lease agreement, as follows:

"7. In addition to the payment of the first month's rent on the leased premises, the Tenant deposits herewith the sum of $300.00, receipt of which is hereby acknowledged by Owner. It is agreed that the purpose of the aforesaid deposit is as follows:

"(1) To guarantee the Owner that the Tenant will occupy the premises for the term of this lease and pay the rental therefor in advance as above provided.

"(2) To guarantee the Owner against damage to the leased premises above, in excess of normal use, wear and tear.

"(3) In case of default in the payment of rentals as above provided, the

Owner may, at any time, at its sole election, apply all or any part of the above deposit to rentals.

"(4) In case of default or breach of the terms and conditions of this lease, Owner, may, at his option, declare said amount forfeited as liquidated damages.

"8. In case of default in any of the covenants herein, Owner may enforce the performance of this lease in any modes provided by law, and this lease may be forfeited at Owner's discretion if such default continues for a period of 24 hours after Owner notifies Tenant of such default and his intention to declare the lease forfeited, such notice to be sent by the Owner or its agent by mail or otherwise to the demised premises, and thereupon remove all persons and Tenant's property therefrom without being deemd guilty of any manner of trespass, and place the same in storage and if not redeemed, the owner is authorized to sell tenant's property and apply same to any rent due, removal costs, storage costs, or damage to the property. Tenant, in the event of his default of any of these agreements, agrees to pay to owner all costs of enforcing this agreement, including attorneys' fees, and the Owner, at its discretion, may retian (sic) the deposit described above as liquidated damages."

Appellee brought this action against appellants, contending that the rent had been paid to and including April 1, 1966 when the appellants had vacated the premises, thereby breaching the lease and resulting in damages to appellee in the sum of $300 per month for the remaining period of the contract. Appellee agreed that appellants were entitled to be credited with the $300 deposit mentioned in the agreement. Appellants first filed a general denial and then amended their answer in which they contended that appellee had made an election of remedies inasmuch as he had chosen to accept a liquidated sum for damages and was

therefore not entitled to recover his actual damages.

Appellee filed his motion for summary judgment supported by affidavit in which he set forth the lease agreement and alleged the facts which constituted breach thereof by appellants. He stated that he was applying the $300 deposit to the unpaid rental and asked for his damages computed on the basis of unpaid rental installments. Appellants also filed their motion for summary judgment.

In the hearing on the motions for summary judgment the court considered, inter alia, appellee's deposition wherein he testified that he had retained the sum of $300 deposited by appellants. His testimony regarding the deposit was:

"Q And have you elected to keep that or have you returned it to the girls.

"A I had no reason to return it to the girls.

"Q So you have elected to keep it, as I understand it?

"A (No response from the witness.)

"Q What I am getting at here, your lease says that you may retain the deposit as liquidated damages, is that what you have done?

"MR. ERLANGER: Read the rest of it.

"MR. MOSS: Well, I will read the whole paragraph if you want me to, or you can read paragraph 8 of the lease.

"Q (By Mr. Moss:) Have you read paragraph 8?

"A Yes.

"Q Now, as I understand it, is says that the tenant, in the event of default in any of the agreements agrees to pay all costs of enforcing the agreement, including the attorney fees, and the owner, at his discretion, may retain the deposit

described as liquidated damages, is that what it says?

"A That is right.

"Q Is that what you did?

"A Yes.

"After reading his deposition, Plaintiff added to the last answer in the above excerpt the following:

"I filed suit to enforce the agreement; thus, the $300.00 is being held to cover part of any judgment I might obtain."

The trial court overruled appellants' motion for summary judgment and sustained appellee's motion and thereupon rendered judgment in favor of appellee against appellants in the amount of $900, representing rental payments due for the months of May, June and July 1966, less credit for the $300 deposit retained by appellee, leaving a balance of $600. Appellants appeal from this judgment but do not complain of the action of the trial court in overruling their motion for summary judgment.

Appellants contend, in two points of error, that the trial court erred in rendering summary judgment because an issue of fact was presented by the testimony of appellee recited above on the issue of election of remedies. They argue that the question of whether appellee retained the $300 deposit as liquidated damage and thereby waived any recovery of his actual damages, is one of fact and therefore the trial court should not have sustained appellee's motion.

■ By their attack upon the summary judgment rendered against them in this case the burden was cast upon appellants to demonstrate from the record as a whole that genuine issues of material fact existed which required a determination and resolution by a trier of fact. Appellants have pointed to the isolated portion of appellee's deposition, quoted above, in an effort to meet this burden. When the entire record before the court is examined in the light of the prevailing authorities we are convinced that the matters relied upon by appellants present nothing more than questions of law and not of fact.

■ The only question presented here is whether the contractual provision relating to liquidated damages is to be construed by the court as an agreement fixing the only damages recoverable for breach of the agreement or whether same is to be regarded as a penalty. The legal distinction between penalties and liquidated damages is that the former constitute security for the performance of the contract while the latter constitute the measure of recovery in the event of nonperformance. Jones v. Mays, 248 S.W. 129 (Tex.Civ.App.); 17 Tex.Jur.2d, § 157, p. 223. In applying the distinction between penalties and liquidated damages the courts have heretofore been confronted with difficulty in formulating a satisfactory rule.

For many years our courts generally followed the rule that the measure of damages or the amount of recovery in an action for breach of a contract depended largely upon the intent of the parties, as expressed in the instrument itself. In some cases it was held to be proper to consider the language of the instrument in the light of the subject matter and nature of the transaction, the situation of the parties, the object to be attained, the consequences that would naturally arise from a breach of its provisions, and all the circumstances surrounding the transaction. Durst v. Swift, 11 Tex. 273; 17 Tex.Jur.2d, § 159, pp. 226–227. It was said that inasmuch as courts do not look with favor upon contracts for liquidated damages, in order that a provision be considered as providing for such limited recovery, evidence that the parties so intended must appear clearly from the whole contract and the circumstances surrounding the transaction. Unless such an intent clearly appears the stipulation will generally be regarded as a penalty. 17 Tex.Jur. 2d, § 159, p. 226. Moreover, it has been re-

peatedly held that the courts are not strictly bound by the language of the parties in determining whether a contract stipulation represents liquidated damages or a penalty. Thus, even though a contract expressly declares that the stipulated sum is to be regarded as liquidated damages, it may be held that a penalty was actually contemplated and in such a case the recovery may be limited to the actual damages suffered. Santa Fe St. Ry. Co. v. Schutz, 37 Tex.Civ. App. 14, 83 S.W. 39 (err. ref'd); First Nat'l Bank v. Smith, 160 S.W. 311 (Tex. Civ.App., err. ref'd); 17 Tex.Jur.2d, §§ 160, 161, pp. 227–228.

In an early case decided by this court, Runnells v. Pruitt, 204 S.W. 1017 (Tex.Civ. App. 1918), a rule was stated which has reflected the trend of other courts in solving similar problems:

"Finally, it is contended that the parties by their contract fixed the amount of their damages, and, as a consequence, neither party was entitled to recover a greater sum. The contention presents the oft-recurring question of whether sum stipulated to be paid upon a breach of contract is a penalty or liquidated damages. The general rule is that if the damages resulting from a breach of the contract are certain and determinate, courts will not treat the sum named as liquidated damages, unless it bears such proportions to the actual damages as to raise the presumption it was arrived at by fair estimation of the parties. Collier v. Betterton, 87 Tex. 440, 29 S.W. 467. Where, under the rule stated, the sum named is held to be a penalty, that is, where the damages are certain and determinate, the amount of recovery is not controlled by the sum named but is confined only to whatever sum the proof shows the actual damages are. Palestine Ice, Fuel & Gin Co. v. Walter Conally & Co., Tex.Civ.App., 148 S.W. 1109."

See Schwarz et al. v. Lee, 287 S.W. 519 (Tex.Civ.App.); Kelly v. Cochran County, 50 S.W.2d 848 (Tex.Civ.App.), reversed

on other grounds, 125 Tex. 424, 82 S.W. 2d 641; Stewart v. Basey, 150 Tex. 666, 245 S.W.2d 484; Christie, Mitchell and Mitchell v. Selz, 313 S.W.2d 352 (Tex.Civ.App.).

Any doubt that previously existed concerning the various elements of, as well as the proper application of, the rule was set at rest by our Supreme Court in Stewart v. Basey, supra. In that case Chief Justice Hickman reviewed and took notice of the antecedent cases on the subject and concluded that in order for a provision for liquidated damages to be enforceable the damages must be (a) uncertain and (b) the stipulation must be reasonable. The court then announced the rule to be:

"The right of competent parties to make their own bargains is not unlimited. The universal rule for measuring damages for the breach of a contract is just compensation for the loss or damage actually sustained. By the operation of that rule a party generally should be awarded neither less nor more than his actual damages. A party has no right to have a court enforce a stipulation which violates the principle underlying that rule. In those cases in which courts enforce stipulations of the parties as a measure of damages for the breach of covenants, the principle of just compensation is not abandoned and another principle substituted therefor. What courts really do in those cases is to permit the parties to estimate in advance the amount of damages, provided they adhere to the principle of just compensation. Restatement of Contracts, Sec. 339, accurately expresses the rule as follows:

" '(1) An agreement, made in advance of breach fixing the damages therefor, is not enforceable as a contract and does not affect the damages recoverable for the breach, unless

" '(a) the amount so fixed is a reasonable forecast of just compensation for the harm that is caused by the breach, and

" '(b) the harm that is caused by the breach is one that is incapable or very difficult of accurate estimation.'

"This comment on subsection (1) follows: 'b. Contracts are frequently made in which performance of very different degrees of importance and value are promised and one large sum of money is made payable as damages for any breach whatever. Since such a contract promises the same reparation for the breach of a trivial or comparatively unimportant stipulation as for the breach of the most important one or of the whole contract, it is obvious that the parties have not adhered to the rule of just compensation. In this matter neither the intention of the parties nor their expression of intention is the governing consideration. The payment promised may be a penalty, though described expressly as liquidated damages, and vice versa.' "

 When we apply these established principles of law to the record before us, which includes the written agreement between the parties, we conclude that the provision of the agreement relating to liquidated damages must be held to be, as a matter of law, a penalty and therefore appellee was not precluded by such provision from recovering his actual damages. It is to be observed from a reading of the lease agreement that the establishment of the actual damages is certain and not indefinite or incapable of being clearly established. The calculation of the monthly rental is a matter of mathematics. Moreover, the amount of the alleged, liquidated damages, $300 could not bear a proportionate relationship to the potential actual damages which might flow from a breach of the contract at any particular time thereof.

We are not impressed with appellants' argument that the quoted portion of appellee's deposition conclusively demonstrates an issue of fact. When analyzed carefully, and in the light of the record as a whole and the authorities above discussed, the answer of appellee may be said to be (1) indefinite in terms of reference, and (2) nothing more than an expression of a conclusion of law. In any event, we view the testimony as lacking inprobative force to create an issue of fact.

We therefore believe, and so hold, that the trial court was correct in finding as a matter of law that appellee, by the withholding of the $300 deposit, did not thereby foreclose his legal right to recover his well-defined damages. The amount of the deposit, by whatever name it may be called, has been credited to the amount of damages recovered, for which appellants may certainly have no valid complaint.

Finding no issue of fact demonstrated in this record the judgment of the trial court is affirmed.

Affirmed.