Esther K. **FARRY**, a widow, Appellant,

v.

James V. **LANDRETH** and Nora Delta Landreth, Appellees.

No. 4480.

Court of Civil Appeals of Texas.

Waco.

June 9, 1966.

Rehearing Denied June 30, 1966.

Odeneal & Odeneal, Wm. C. Odeneal, Jr., Dallas, for appellant.

Alvin Boyd, Dallas, for appellees.

## OPINION

WILSON, Justice.

The makers of a promissory vendor's lien note, alleging there was an unpaid balance of only $42.27 due, which the payee refused to accept in satisfaction, sought judgment declaring this sum tendered to be the correct balance, and declaring the note and lien to be cancelled and discharged. The payee answered that a larger sum was due under the terms of the note, for which, with foreclosure, judgment was prayed. Judgment was rendered as plaintiffs asked. There are findings and conclusions in the judgment. There is no statement of facts. We affirm.

The principal bore interest at 6%. The note provided:

"The interest on this note is payable monthly with each installment as above stipulated; and all balance due on principal and interest after default in payment of any installment of principal or interest when due shall bear interest after default at the rate of ten per cent per annum."

For nearly four years plaintiffs regularly and promptly made the $25 monthly payments. They failed to pay the monthly installments due in March, April, May and June, 1959 until July, 1959, when they paid $125 representing installments due March to

July inclusive. They thereafter continued to pay and payee accepted all monthly installments as they became due, with many of the payments being made in advance.

It was stipulated that if computation was to be made as plaintiff contended, the balance due was the $42.27 tendered; but if interest was to be computed at 10% by virtue of the quoted clause, the balance was the sum of $258.77.

 The payee accepted all payments made by the makers on and after July, 1959 until this suit was filed in 1965 without declaring the note in default. Payee now contends the increased rate became automatically effective as to the entire indebtedness the moment payment of a monthly installment was in arrears. The quoted provision is ambiguous. What balance of "principal and interest" is to bear interest at 10% after "default" in payment of "any installment of principal and interest when due" is not specified. The note clearly provided for acceleration of maturity at the holder's election upon failure to pay any installment or "any interest hereon" when due.

In case of doubtful meaning an oppressive construction of a contract will be avoided. Hoffer Oil Corporation v. Hughes, Tex. Civ.App., 16 S.W.2d 901; Christie, Mitchell and Mitchell Co. v. Selz, Tex.Civ.App., 313 S.W.2d 352, writ dism.; Hicks v. Smith, Tex.Civ.App., 330 S.W.2d 641, writ ref. n. r. e. Construction which leads to forfeiture is not favored, Hill v. Still, 19 Tex. 76; and an ambiguous agreement imposing a penalty is to be interpreted in favor of the promisor. See 4 Williston, Contracts (Jaeger, 3d ed.) Secs. 620, 621; 17A C.J.S. Contracts § 319, p. 194.

The interest clause of the note is subject to the interpretation that only delinquent installments are to bear 10% interest, absent election to accelerate maturity. Another possible construction is that, if there is no such election, the increased interest is to be computed during the period of arrearage. Under either meaning the amount tendered for which judgment was rendered would satisfy the requirement.

Although defendant payee pleaded as a basis for her interest claim commencing May 14, 1959 that she "elected to collect the balance of the note with interest at the rate of 10% per annum" there is nothing in the record to establish that averment as it relates to acceleration, and the court found she failed to declare the entire note due and payable.

Affirmed.